ELLA W. SCURRY *et al.*, plaintiffs in error, *vs.* THE COTTON STATES LIFE INSURANCE COMPANY, defendant in error.

1. Where an action was brought by the widow and children of the assured on the following receipt:

"Received of James R. Scurry $375 00, same being in payment of insurance in the Cotton States Insurance Company; this receipt being binding on said company until policy is received.

"J. S. RAINES,
"*Agent of C. S. Life Ins. Co., of Macon, Ga.*
"Baker county, Georgia, September 6, 1871."

Scurry *et al. vs.* The Cotton States Life Insurance Company.

And Raines, the agent, signing said receipt, was offered by the defendant as a witness:

*Held*, that he was competent, not being a party to the original contract with James R. Scurry, nor interested therein.

2. It was competent for the witness to explain what was the understand-ing of the parties, at the time the receipt was given, of the following words contained therein: " This receipt being binding on said com-pany until policy is received."

3. Where cross-bills of exception were filed and the record in the case was sent up with the bill of exceptions, which arrived in time for the last term of this court, and no record accompanied the exceptions which were returned to this term, the writ of error to this term will not be dismissed for the absence of a record, but the case will be heard on the record returned to the last term. (See Report.  R.)

Witness.   Party to suit.   Evidence.   Before Judge STRO-ZER.   Dougherty Superior Court.   April Term, 1873.

When this case was called, a motion was made to dismiss the writ of error, because no record accompanied the bill of exceptions.   The facts on which this motion was based were as follows: At the trial of the case, cross-bills of exceptions were filed.   The record came up in the case in which the Cotton States Life Insurance Company was plaintiff in error, determined at the last term of this court.   This case arrived too late for last term, and was therefore returned to the present term.   No record accompanied the exceptions.   Both bills of exception were based on the same record.   The motion was overruled, the court enunciating the principle embraced in the third head-note.

For the remaining facts, see the decision.

VASON & DAVIS, for plaintiffs in error.

SMITH & JONES; G. J. WRIGHT, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the de-fendant on the following instrument:

"Received of James R. Scurry three hundred and seventy-five dollars, same being in payment of insurance in Cotton

States Insurance Company; this receipt being binding on said company until policy is received.

J. S. RAINES,
*Agent of C. S. Life Ins. Co., of Macon, Ga.*
Baker county, Ga., Sept. 6th, 1871.

On the trial of this case, Raines, the agent, was offered as a witness for the defendant to prove, amongst other things, that it was the intention and understanding of himself and Scurry at the time of giving the receipt, that it was to bind the company to return the premium if the policy was refused, and to bind the company until the application for policy was acted on by the company. This was fully understood between the applicant and himself and fully talked over. The application was refused by the company. This evidence was objected to by the plaintiff on two grounds: First, because Scurry, one of the contracting parties, was dead; second, because the evidence offered would contradict and vary the terms of the written instrument. The court overruled the objections, and admitted the testimony of the agent, and the plaintiff excepted.

1. By our evidence act of 1866, no person shall be excluded from giving evidence on the trial of any issue in any court, by reason of interest, or from being a party, except where one of the original parties to the contract or cause of action in issue or on trial is dead; in that case the other party shall not be admitted to testify in his own favor: Code, 3854. The parties to the contract or cause of action in issue or on trial, were the Cotton States Insurance Company and Scurry. Raines, the agent, who was offered as a witness, was not a party to the contract, and had no interest in it. The contract was made between the insurance company and Scurry, who were the parties to it. No corporator of the insurance company, or other person having an interest in that company, was offered as a witness to testify in its own favor against the other party. The witness, Raines, was not one of the original parties to the contract or cause of action in issue or on trial, as contemplated by the statute, and was therefore a competent witness. In the case of *Doe vs. Robinson*, 37 *Georgia Re-*

Scurry *et al. vs.* The Cotton States Life Insurance Company.

*ports*, 118, Stamper was a party to the record and interested in the recovery, which depended on a contract made between him and Robinson, who was dead. This court held in that case, that Stamper, the living party to that contract, was not a competent witness to prove his version of it, because Robinson, the other party thereto, was dead, and could not be heard.

2. Receipts for money may be explained by parol: Code, sec. 3807. · The intention of parties to a contract may differ among themselves. In such case the meaning placed on the contract by one party, and known to be thus understood by the other party at the time, shall be held as the true meaning. Parol evidence is inadmissible to add to, take from, or vary a written contract; but all the attendant and surrounding circumstances may be proved, and if there is an ambiguity, latent or patent, it may be explained; so, if a part of a contract only is reduced to writing, (such as a note given in pursuance of a contract,) and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible: Code, sec. 2757. From the evidence contained in the record in this case, Raines, the agent, had no power or authority to bind the company to issue a policy of insurance until the application therefor had been submitted to the company for its acceptance or rejection; and that being so, it was competent for the witness to explain what was the understanding of the parties at the time the receipt was given, by the words contained therein, to-wit: "This receipt being binding on said company until policy is received"—the more especially as the witness states he did not have a printed form of the receipt with him at the time, but intended substantially to comply therewith to the best of his recollection. The printed form of receipt, as required by the company, contained the words, · "in case of non-acceptance of said application, the amount received is to be returned." In view of the facts as disclosed by the record in this case, we affirm the judgment of the court below. .

Judgment affirmed.