HOWARD & SOULE, plaintiffs in error, vs. WILLIAM P. STE-
PHENS, defendant in error.

The rule which excludes parol evidence from adding to, or taking from,
or varying, written contracts, in view of our evidence act which allows
parties to testify in their own favor, should not be relaxed.

Evidence. Before Judge UNDERWOOD. Cobb Superior
Court. November Adjourned Term, 1873.

For the facts of this case, see the decision.

W. T. WINN, for plaintiffs in error.

GARTRELL & DUNWOODY, for defendant.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* from
a justice's court. The plaintiffs sued the defendant on a
promissory note for $30 00, payable to the plaintiffs four
months after date, for value received. The defendant offered
in evidence, over the objections of the plaintiffs, that the note
was given for a sewing machine, and that the plaintiffs' agent
agreed, at the time the note was given, that if the machine
did not give satisfaction to his wife, that he (the agent) would
take it back at any time within six months, the agent saying
that his time would soon be out; that he wanted the note so
as to enable him to get his commissions for selling the ma-
chine. The justice held that the parol evidence was admissi-
ble, and the court below sustained the ruling of the justice
and dismissed the *certiorari;* whereupon the plaintiffs excep-
ted.

Was the parol evidence admissible for the purpose of prov-
ing a condition to the contract not expressed on the face of the
note? The written contract was a promise to pay the plain-
tiffs $30 00 for value received, without any conditions what-
ever. The defendant proposed to prove, and was allowed to
prove, that his absolute, unconditional promise, in writing, to

pay the plaintiffs $30 00, was made on condition that if a certain sewing machine, for which he alleges the note was given, did not give satisfaction to his wife, that the plaintiffs would take it back. The general rule is, that parol cotemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument: Code, sec. 3800. Parol evidence is inadmissible to add to, take from, or vary a written contract: Code, sec. 2757. There is no ambiguity on the face of the note, either latent or patent, nor does it appear that any part of the contract was omitted from the note by fraud, accident or mistake. If the contract was conditional, as the defendant now seeks to prove by parol, then it should have been inserted in the note. There is no pretense that the defendant did not know the contents of the paper which he signed, or that only a part of the contract was reduced to writing, by fraud, accident or mistake. The contract which he signed was an unconditional promise to pay the plaintiffs $30 00, and that written promise of the defendant is the highest and best evidence of the contract: *Lester vs. Fowler*, 43 *Georgia Reports*, 190; *Sullivan vs. Cotton States Life Insurance Company*. 43 *Ibid.*, 423.

The rule which excludes parol evidence from adding to, or taking from, or varying, written contracts, in view of our evidence act which allows parties to testify in their own favor, should not be relaxed. This case does not come within that class of cases where receipts or notes have been given in settlement of a former indebtedness, which are subject to explanation.

Let the judgment of the court below be reversed.