## BROWN *vs.* CHEATHAM.

1. Where petitioner, upon the common law side of the court, shows by his pleadings that under a written agreement his right to redeem certain lands expired at a given time, but sets up that it was also agreed that if he did not redeem, defendant was to pay to him the difference between the amount advanced and what the property brought at sheriff's sale, and, also, that defendant had sold to a *bona fide* purchaser for an amount largely more than the sum advanced, and prayed that he may be allowed to redeem the land, or if this could not be effected on account of the sale, that defendant may be required to account to him for the difference between the amount advanced, etc. and that at which the property was sold:

*Held,* that if the purpose of plaintiff was to redeem the land, the present owner was a necessary party, and he could not be made a party to this proceeding at law by amendment.

2. That in the absence of any averment that the agreement as to the payment to petitioner of the difference, etc. was in writing, or that it was omitted from the written contract by fraud, accident or mistake, the latter will be taken as covering the entire agreement between the parties, and the demurrer to the proceeding was properly sustained.

Contracts.   Pleadings.   Parties.   Before Judge PATE. Washington Superior Court.    May Adjourned Term, 1880.

Reported in the opinion.

JAMES K. HINES, by Z. D. HARRISON, for plaintiff in error.

H. D. D. TWIGGS, for defendant.

SPEER, Justice.

Plaintiff in error, Jesse Brown, filed his equitable petition on the common law side of the court, in which he alleged that J. M. Roberts, as the administrator of Green Roberts, in March, 1874, obtained judgment against him for $1,340.00, besides interest and cost. That on said judgment execution issued, and in September, 1874, was levied on three hundred and fifteen acres of land in said county as petitioner's property. The said land was sold at sheriff's sale, on the fourth day of December, 1874, and bid off by the petitioner at the price of $2,275.00. That at time of said purchase by him, one Jesse Leaptrot had agreed to furnish him with $1,200.00 to aid in paying off said execution. But shortly after he bid off said land the defendant in error proposed to plaintiff that he would advance the amount of said execution if plaintiff would let the sheriff make a deed of the land to him, said advance to be made at the rate of thirteen per cent., and defendant would make plaintiff bond for title to reconvey the land on repayment of said sum with the interest. Subsequently, on executing the papers, defendant in error charged plaintiff interest at the rate of twenty per cent., and a note was given by plaintiff to defendant for the amount advanced to pay off said *fi. fa.*, to-wit: $1,664.00, dated December 4th, 1874, and due January 1st, 1876, bearing twenty per cent. interest, and defendant at same time executed bond to make title to plaintiff on payment of said debt. When the note fell due, plaintiff was unable to pay it and suit was brought on same, and then by way of compromise, defendant agreed with plaintiff if he, plaintiff, would give him his rent note for $190.00 for the year 1876, as a recognition of his title, he would extend the time of payment on said amount advanced till December 4th, 1876; and further, plaintiff avers, that it was agreed that "if he should be unable to pay the amount when due on December 4th, 1876, that

defendant would take said land and pay him, the plaintiff, the difference between the amount advanced by him *with interest added*, and the amount the place brought at sheriff's sale." And that said agreement of compromise was reduced to writing, and a copy of which is attached to his petition, as follows :

"GEORGIA—Washington county :

"This agreement, entered into this the fourth day of March, 1876, between A. T. Cheatham, of the first part, of the county and state aforesaid, and Jesse Brown, of the second part, of same county and state, witnesseth that the said A. T. Cheatham, of the first part, hereby binds himself, his heirs, executors and administrators, with the said Jesse Brown, his heirs, executors and administrators, to make to him, the said Jesse Brown, a deed, on the fourth day of December next, to his plantation known as the Pate place, lying and being in said county and state. adjoining lands of Thos. H. Harris, Isaac James, and others—conditioned as follows : That the said Jesse Brown shall well and truly pay, or cause to be paid, to the said A. T. Cheatham, his heirs, executors and administrators, the sum of two thousand one hundred and eighty-five dollars and fifty-six cents, on or before the fourth day of December next; and should the said Jesse Brown fail to pay to the said A. T. Cheatham said amount of money on the date above mentioned, then this agreement to be null and void.

"Witness :                               A. T. CHEATHAM.
    J. T. GROSS.                        JESSE BROWN."
    T. L. BROWN, J. P.

Plaintiff avers that in pursuance of said agreement, he gave defendant his note for the $190.00 as rent of 1876, and that time of payment was extended to the fourth day of December, 1876. When said note became due and payable, plaintiff was unable to pay the same, and he had to surrender possession of said place; that subsequently defendant, by distress, recovered the amount of rent note given for the year 1876. He further avers that since his possession, defendant has sold said land to one Thigpen, for the sum of three thousand dollars—an innocent purchaser. He therefore prays he may be allowed either to redeem said land ; or, if that cannot be effected on account of the sale, that defendant may be required to account to

him for the difference between the amount advanced by defendant on said land and interest thereon, and the amount the same sold for at sheriff's sale.

To this petition defendant demurred, and among other causes of demurrer, said : " Because, from the facts set forth in the plaintiff's writ, he shows he has no right of action."

The demurrer was sustained by the court, and the case was dismissed. To this·judgment plaintiff excepted, and assigns the same as error.

All the previous contracts and agreements between these parties touching the purchase and redemption of this land, seem to have resulted ultimately in the written agreement above set forth, and which was exhibited to the declaration filed. It is true that plaintiff alleges another understanding or agreement made at same time, " that if he failed to redeem by paying the money on the fourth day of December, 1876, that defendant was to pay him the difference between the amount advanced and the amount the property brought at sheriff's sale ;" but we find no such stipulation or condition in *this written agreement*. It simply extends the privilege to plaintiff to redeem to the fourth day of December, 1876, the land sold, and on failure to do so, the whole contract was to be at an end. There is no charge that such agreement, as claimed by plaintiff, was in writing, or that it was omitted to be inserted in the agreement by reason of accident, fraud or mistake. It is a bare averment, contradicted by the agreement in writing made at that time, and which latter must prevail as the true contract between the parties. If the purpose of plaintiff was to redeem this land under the petition he filed (and he seems to leave this question in doubt), then, before he could redeem, or seek to do so, Thigpen, the present owner, is a necessary party— and at law he cannot by amendment be made a party to this suit. In every view we can take of this petition, we are of opinion that, according to its averments, taking

them as true, the plaintiff has no right to recover, and the court committed no error in sustaining the demurrer and dismissing the suit.    Let the judgment of the court, therefore, be affirmed.