## SALTER vs. STATE.

KEEPING OPEN TIPLING HOUSES ON SUNDAY, FROM CITY COURT OF SAVANNAH. Criminal Law. Charge of Court. (Before Judge Harden.)

[Jackson, C. J., not presiding, because of indisposition.]

Blandford, J.—This case is controlled by the preceding case of Seiler *vs.* State.

Judgment affirmed.

Garrard & Meldrim, for plaintiff in error.

F. G. DuBignon, solicitor general, by brief, for the State.

---

## CALLAHAN vs. STATE.

KEEPING OPEN TIPPLING HOUSES ON SUNDAY, FROM CHATHAM. Criminal Law. New Trial. (Before Judge Adams.)

Blandford, J.—The case is controlled by the preceding case of Callahan *vs.* State.

Judgment affirmed.

P. J. O'Connor, by brief, for plaintiff in error.

F. G. DuBignon, solicitor general, by brief, for the State.

---

*Decisions Rendered Tuesday, February 9, 1886.*

---

## TURNER et al. EXECUTORS, vs. RIVES.

COMPLAINT FOR LAND, FROM HANCOCK. Pleadings. Ejectment. Vendor and Purchaser. Contracts. Evidence. Deeds. (Before Judge Lumpkin.)

Jackson, C. J.—It is doubtful whether a recovery could have been had on a declaration to recover land, containing a description of the land sued for in these words: "Part of a tract of two hundred and twenty acres, between Fort creek and Shoulder Bone creek, bounded on the north by land of Willis Adams, on the east by lands of Ross and Carpenter and on the south and west by land of said Rives;" but no point was made on it by demurrer or otherwise. Perhaps, had the point been made, it might have been met by an amendment, making the description more accurate.

2. The defendant had the right to file an equitable plea, setting up a contract of sale by a decedent, whose executors were the plaintiffs, to a third party or his assigns; that it had been assigned to the defendant; and that all the purchase money had been paid; and he could compel a

specific performance of such contract from the plaintiffs, an offer to recind by defendant having been refused by them.

2. The contract from the testator of plaintiffs contained the following: "Rec'd * * of George R. Brown two thousand dollars in full payment for two hundred and fifty acres of land lying in Hancock county, adjoining lands of Willie B. Adams, Ross, George S. Rives and Thomas M. Turner, known in the late survey of the lands of Thomas M. Turner as the James M. Hunt place, 175 acres, and the seventy-five acre tract on the west side of Fort creek; possession of lands given this day to said George R. Brown, together with the right of way from the west side of said tract across the lands of Thomas M. Turner to road now leading from Sparta to the W. B. Hunt residence." Then followed an obligation to make title to said Brown, his heirs, executors, administrators and assigns; and on the paper was an assignment for value from Brown to the defendant:

Held, that this contract included the land sued for, as described in the first head note above.

3: The written contract covered the entire Hunt tract, as a whole, although it may have contained more than one hundred and seventy-five acres, and parol evidence was not admissible to show that the trade was at a given price per acre, there being no allegation of fraud or mistake in the writing and no attempt to reform it.

Judgment affirmed.

James A. Harley for plaintiff in error.

Jordan & Lewis for defendant.

---

### BRANTLEY *vs.* BAKER.

ILLEGALITY, FROM HANCOCK. Bonds. Mortgages. Written Instruments. Illegality. (Before Judge Lumpkin.)

Jackson, C. J.—1. The giving of a bond is a condition precedent to the return of the papers to court for trial, where an affidavit of illegality is tendered to the execution issued on the foreclosure of a chattel mortgage; and if the bond be not conditioned substantially as the statute requires, the papers ought not to be returned to court and the sale suspended. Code, §3976; 61 Ga., 390, 391.

2. The condition of the bond prescribed by the statute is "for the return of the property when called for by the levying officer." This requirement is not met by a bond the condition of which is that the defendant "should return the property * * to the levying officer, in case the issue formed on the affidavit of illegality * * should be