AUGUSTA SOUTHERN RAILROAD COMPANY *v.* SMITH & KILBY COMPANY.

1. A contract which must, under the statute of frauds, be in writing, and which, accordingly, is put in writing and duly executed, can not be subsequently modified by a parol agreement.

2. Mere non-action is not performance, either partial or complete, and will not, therefore, take a parol contract out of the statute of frauds.

Argued February 3, — Decided April 18, 1899.

Action on contract. Before Judge Eve. City court of Richmond county. April 9, 1898.

*Leonard Phinizy* and *Boykin Wright*, for plaintiff, cited Civil Code, §§ 2694, 5207, 5204, 3642, 3657, 3661; 93 *Ga.* 497, 501; 80 *Ga.* 477; 25 *Ga.* 87; 16 *Ga.* 410; 78 *Ga.* 741; 75 *Ga.* 500; 72 *Ga.* 713; 55 *Ga.* 198; 1 Johns. Cas. 22; 1 Am. D. 92, 93; 70 Am. D. 262; 37 Am. D. 155, 161; 46 Am. D. 346; 9 Cush. 31; 20 Am. D. 566; 9 Wall. 274.

*Joseph B. & Bryan Cumming* and *J. R. Lamar*, for defendant, cited 1 *Ga.* 12; 51 *Ga.* 76; 54 *Ga.* 289; 91 *Ga.* 382; 1 Benj. Sales (Corbin's ed.), §§ 160, 208, 214, 215; 3 Am. & Eng. Enc. L. 893; 8 Id. 736, 742; 14 Wall. 603; 9 Wall. 272; 41 N. W. Rep. 1029, 1030; 2 Watts, 451; 31 Pa. 265: 51 Am. D. 628; 37 Am. D. 160; 47 *Ga.* 479; 63 *Ga.* 71; Id. 442; 54 *Ga.* 681; 88 *Ga.* 822; 116 U. S. 491; 73 *Ga.* 405; 49 *Ga.* 146; 53 Am. D. 540; 52 Mo. App. 481; 86 *Ga.* 228; 1 Comst. 261; 49 Am. D. 316; 124 U. S. 49; 34 N. J. L. 115; 52 Minn. 31; 80 *Ga.* 472 (4); 17 *Ga.* 422; 27 *Ga.* 350; 63 *Ga.* 71 (2), 76; 3 *Ga.* 217; 93 *Ga.* 501.

LUMPKIN, P. J. Although the bill of exceptions complains of various rulings made by the trial court, this case is really controlled by a determination of two only of the questions involved. The following statement presents in condensed form all that is material to an understanding of these questions and of our decision thereon: The Augusta Southern Railroad Company brought an action against the Smith & Kilby Company for an alleged breach of a written contract which would, had the same been in parol, have been void under the statute of frauds. Finding itself unable to prove facts entitling it to a recovery upon its original petition, the plaintiff filed certain amendments thereto, alleging that after the making of the written contract, the same had in material respects (the particulars concerning which were set forth) been changed and modified by a parol agreement between the parties. Treating the amended contract as a whole, it was still one which would have been void under the statute of frauds had it rested entirely in parol. After these amendments to the petition were

allowed, the defendant, by a demurrer thereto, made the point that, inasmuch as the contract originally declared upon was one which, under the statute, would not have been good but for the fact that it was in writing, parol modifications of it materially changing its terms could not lawfully be alleged or proved.    The demurrer was sustained, and the plaintiff contends that this was error.    This makes the first question to be disposed of here.    The petition, as amended, alleged facts upon which the plaintiff bases the contention that, relying upon the defendant's complying in good faith with the terms of the parol agreement, it postponed the doing of certain essential things beyond the time within which, under the original written contract, it had agreed to do the same; but that having offered to perform all of its undertakings thereto relating within the time limited by the modified contract, the statute of frauds could not be justly invoked against it.    In other words, the plaintiff insists that there has been such a part performance by it of the subsequent oral agreement as should operate to take the case out of the statute.

1. It is not now open to serious question that: "If it were not necessary in the first instance to have the contract reduced into writing, parol evidence may be received of conversations and circumstances, subsequent to the time of making the agreement, to show that the parties upon sufficient consideration consented afterwards to vary the contract or add some new stipulation."    *Rogers* v. *Atkinson*, 1 *Ga.* 12.    Indeed, this doctrine is too well settled to require further discussion or citation of authority.    But it by no means follows that a contract within the statute of frauds, and therefore required to be in writing in the first instance, can subsequently be modified or changed by parol.    On the contrary, the language just quoted clearly intimates that this is not permissible.    After stating the common-law rule that simple contracts, though reduced to writing, may be annulled or modified by a "fresh parol agreement," Mr. Benjamin says: "But this principle of the common law is not applicable to a contract for the sale of goods under the statute of frauds.    No verbal agreement to abandon it in part, or to add to, or omit, or modify any of its terms, is admissible."    1

Benj. on Sales, § 214.   We might without difficulty multiply citations on this line, but it is unnecessary, for this court has in distinct terms held that contracts which the law requires to be in writing can not be altered by subsequent parol agreements.   Thus, in *Simonton* v. *Insurance Co.*, 51 *Ga.* 76, it was held that as contracts of insurance are by express statute required to be in writing, subsequent agreements to change the terms of such contracts must likewise be in writing.   On page 80, McCay, J., said: "A written contract not required by law to be in writing might always be, subsequent to its making, altered or modified by a new parol contract based on a consideration.   But if the law require the insurance contract to be written, it would seem to follow, as a matter of course, that any alteration of it must also be in writing, since at last every alteration is a new insurance contract which, by the express terms of the statute, must be in writing."   Again, in *Mitchell* v. *Insurance Co.*, 54 *Ga.* 289, it was held that: "A contract required by law to be in writing can not be shown to have been altered by parol after its execution."   On pages 290, 291, the same judge remarked: "It is generally true that a simple contract, though in writing, may be altered by a subsequent legal contract not in writing.   But this can not apply to a contract required by law to be in writing.   If the contract may be altered by parol, then there is a contract on the subject-matter by parol, and that is forbidden by the statute."   The decision of this court in *Lester* v. *Heidt*, 86 *Ga.* 226, went even further; it being there held, that though a written memorandum of a contract for the sale of land referred to additional terms agreed on between the contracting parties, yet as these terms were not evidenced by the writing itself, they could not be supplied by parol, the reason being that a contract which the statute of frauds declares must be in writing can not rest partly in writing and partly in parol.   See, also, *Turner* v. *Lorillard Co.*, 100 *Ga.* 645, holding that a written order for goods amounting in value to more than fifty dollars, but not specifying the price of the articles ordered, could not, for the purpose of fixing the price thereof, be by parol evidence connected with other writings not referred to in the order itself, although it would have

appeared from these other writings, if considered a part of the agreement, what the price agreed on really was. Though there may be decisions elsewhere to the contrary, the weight of authority accords with the view which has met with approval in this State. When "the original contract is required by the statute of frauds to be in writing, the better opinion is that it can not be varied by a subsequent contract which is not in writing. As the new contract is rendered void by the statute of frauds, it ought not to affect the rights acquired under the former agreement." 3 Am. & Eng. Enc. L. 893.

We will now briefly notice the Georgia cases which counsel for the plaintiff in error insist are not in harmony with those above cited. In *Collins* v. *Lester*, 16 *Ga.* 410, the contract under consideration was one which the law did not require to be in writing, it being for the hire of slaves for a term of less than one year. Although it appears that the negotiations leading up to the contract took place in December, 1851, the slaves were not delivered to the hirer until January, 1852, on the 2d day of which month a written contract was signed stipulating that the term of hiring was to expire on the 24th of December of that year. *Cartright* v. *Clopton*, 25 *Ga.* 85, was an action against a surety upon a promissory note. While the statute of frauds does require that a contract of this nature must be in writing, the point was not raised in that case that the written contract could not be altered by a subsequent parol agreement. The controversy seems to have been whether the parol evidence objected to proved a contract contemporaneous with the giving of the note sued on, or one made subsequently thereto; and the court simply held that, under the evidence submitted, the point was not well taken that the defendant sought by parol to engraft upon the written instrument an alleged oral stipulation agreed on at the time the note was signed. There certainly was in that case no ruling upon the question now before us. Nor was this question made or passed upon in *Cothran* v. *Brower,* 75 *Ga.* 494. Indeed, it does not appear that the contract there involved was within the statute of frauds, the same being an agreement for professional services which might, in the contemplation of the parties, have been performed within less than a

year from the date of the contract, and in point of fact such services were actually performed.    In *Brooks* v. *Matthews,* 78 *Ga.* 739, the court did not rule upon any question involving the statute of frauds.    While it is true that Justice Blandford remarked that "a contract in writing may be changed by subsequent parol agreement," the only point actually decided was that the evidence relied on to show a subsequent parol agreement did not prove that any such agreement was ever entered into.    As to the case of *Jones* v. *Grantham,* 80 *Ga.* 472, it does not appear that the contract then under consideration was one within the statute of frauds, it being a simple contract for the payment of money, and the report of the case not disclosing that the contract was not to be performed within a year.    Moreover, the new agreement changing the terms of the original contract was fully executed by the party relying thereon.    What has last been said is also applicable to the case of *Denham* v. *Walker,* 93 *Ga.* 501.    The contract therein dealt with was one which the law required to be in writing, and the precise ruling made was as follows: "It was contended that as the original contract was one which the statute of frauds required to be in writing, any agreement to vary the contract must also be in writing. Whatever may be the proper view as to the admissibility of parol proof to establish an agreement of this kind where the agreement is wholly executory, such proof is clearly competent where there is evidence that the agreement has been performed."

2. There is no merit in the contention that there was part performance by the plaintiff in the present case.    Mere nonaction can not be treated as performance, either partial or complete.    The plaintiff parted with nothing of value and did nothing to its injury.    It simply waited, choosing to rely upon a parol agreement which it ought to have known was not legally binding upon the opposite party.    The case of *Simonton* v. *Insurance Co.*, supra, (pp. 80–82) not only supports what is here laid down, but on its facts goes a considerable extent further upon the same line.

*Judgment affirmed.    All the Justices concurring.*