### SMITH *v.* BAKER.

1. A written contract, apparently containing the entire agreement of the parties and disclosing no incompleteness, can not be enlarged by parol so as to include additional terms and stipulations, in the absence of fraud.
2. Since the act of 1900, codified in Civil Code (1910), § 4252, the holder of a note providing for the payment of attorney's fees in an action thereon may recover attorney's fees upon giving the statutory notice. If the notice is duly given, the plaintiff may recover attorney's fees upon whatever portion of the total amount is found to be due on the note.
3. There was no error in directing a verdict.

DECEMBER 15, 1911.

Complaint. Before Judge Thomas. Colquitt superior court. April 5, 1911.

*Jesse W. Walters* and *Shipp & Kline,* for plaintiff in error.

*Hardeman, Jones, Callaway & Johnston,* contra.

EVANS, P. J. This case was before the court on the grant of a nonsuit, and the overruling of a demurrer to a plea. 135 *Ga.* 628 (70 S. E. 239). The report in that case fully discloses the nature of the action, and contains a full statement of the pleadings. On

the remand of the case the defendant offered to amend his plea by alleging that the contract therein referred to did not contain the entire stipulations of the parties, and omitted certain agreements set out in the amendment. The amendment was disallowed, and on the conclusion of the plaintiff's evidence a verdict was directed.

1. The amendment was properly refused. The written contract referred to in the plea purported to embrace the entire agreement of the parties. The amendment was not directed to any reformation of the written contract because of fraud, accident, or mistake, but its purpose was to add other and contradictory terms to it by parol. This can not be done. *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28).

2. On the trial it appeared that the defendant was entitled to a small credit on the note. The court directed a verdict for the amount appearing to be due, with attorney's fees calculated on the amount which was due according to the provisions of the note. The statutory notice to claim attorney's fees was given; but the defendant contends that unless the plaintiff recovers the full amount sued for, he is not entitled to recover attorney's fees in any amount. Since the act of 1900, codified in the Civil Code (1910), § 4252, a plaintiff in a suit on a note stipulating for attorney's fees, who has duly given to the defendant the statutory notice of his intention to bring suit, is entitled to recover attorney's fees on the amount recovered, notwithstanding such recovery may be less than the amount claimed to be due in the suit. *Harris* v. *Powers,* 129 *Ga.* 87 (58 S. E. 1038); *Livingston* v. *Salter,* 6 *Ga. App.* 377 (65 S. E. 60).

3. The evidence was without conflict, and the court properly directed a verdict for the amount shown to be due on the note.

*Judgment affirmed. All the Justices concur.*