## ROBERTS *v.* INVESTORS SAVINGS COMPANY.

1. The general rule is that parol evidence is not admissible to add to, take from, or vary a written contract.
2. If a part only of a contract is reduced to writing, such as a note given in pursuance of a contract, and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible.
3. Where the writing does not purport to contain all the stipulations of a contract, parol evidence is admissible to prove portions thereof not inconsistent with the writing.
4. The rule which permits parol proof in cases of apparent incompleteness in written statements of the obligations of the parties, denies parol proof, variant from the written terms, which imposes additional and other terms dependent upon a prior or contemporaneous parol agreement.
5. All previous negotiations are merged in the subsequent written contract, and an additional obligation can not be grafted thereon by parol testimony.
6. Where one buys real estate from another, executes notes which recite that they are given for part of the purchase-money of certain described real estate, and takes from the seller a bond for title, which recites the full purchase-money to be paid, that the purchaser is to pay off certain incumbrances on the property as part of the purchase-money, and that the purchaser conveys to the seller his equity in certain other real estate as part of the purchase-money, and has given notes for the remainder of the purchase-money, the total amount of the incumbrances assumed, of the equity so conveyed, and of the notes so given being equal to the amount of the purchase-money recited in the bond for title, the notes and bond for title constitute a complete contract of sale; and parol evidence is inadmissible to impose additional and other terms dependent upon a prior or contemporaneous parol agreement by which the seller was to make certain improvements on the premises as a part of the contract of sale; and the court did not err in striking so much of the answer of the defendant as set up such prior or contemporaneous parol agreement.
7. The above rulings render it unnecessary for us to consider the alleged equities set up by the defendant in her answer as amended, as these equities depend upon the parol collateral agreement which we have held can not be set up to add an additional term to the contract of sale evidenced by the purchase-money notes and the bond for title from the vendor to the defendant.
8. It is unnecessary to consider any of the other errors alleged to have been committed by the trial court, as the rulings above made dispose of the case.

No. 2972. AUGUST 17, 1922.

Complaint. Before Judge Ellis. Fulton superior court. September 15, 1921.

The Investors Savings Company brought suit in Fulton superior court against Leila Roberts as maker, and Lula M. Nicholes, and

H. W. Nicholes & Son, a firm composed of H. W. and M. W. Nicholes, to recover the principal, interest, and attorney's fees upon two notes, each for $1488.50, dated July 23, 1914, and due respectively December 23, 1916 and 1917. These notes recited they were given for part of the purchase of No. 534 Ponce de Leon Avenue, Atlanta, Georgia; and the plaintiff prayed that a special lien be established upon said property in its favor for the principal, interest, and attorneys' fees due on said notes.

Leila Roberts in her answer admitted the execution of the notes sued upon, but alleged that they were obtained from her through misrepresentation and deceit practiced upon her by H. W. Nicholes, the agent of Lula M. Nicholes; that H. W. Nicholes, acting as agent aforesaid, agreed, at the time she was inveigled into signing and delivering said notes to him, to make certain improvements on her home, the property referred to in this suit, and that he failed and refused to do so, for which reason she has refused to pay said notes. Prior to the Investors Savings Company obtaining said notes, she informed it of the failure of the consideration of said notes, and warned it against trading therefor. At the time said notes were given, Lula M. Nicholes, through her agent, H. W. Nicholes, promised to place on said property another sleeping-porch in a skillful and workmanlike manner, and, in attempting to do so, so damaged her house that is decreased in value $3500. She tried many times to persuade him to remedy the defects, and to place the sleeping-porch on her house in a skillful and workmanlike manner, but he refused to do so; whereupon she refused to pay said notes, she being injured and damaged by such failure in the sum of $3500.

By an amendment to her answer defendant alleged that she entered into a contract for the purchase of the real estate described in the petition in this case, and to pay for the same as therein alleged. The contract of sale was negotiated by the vendor, Mrs. Lula M. Nicholes, through her husband as her agent and representative. The purpose she had in making said purchase was to conduct in the house on said premises a boarding-house, which was well known to the vendor. The condition of the house was not suitable for that purpose, and she stated to said H. W. Nicholes that she would not purchase the property unless said described improvements were made thereon, because without them it would

not be suitable for a boarding-house. She then set out these improvements in detail. After considering the question of improvements, the vendor, through her said agent, agreed that she would make said improvements if this defendant would purchase said property on the terms which had been discussed, to which the vendee consented. She agreed to purchase this property thus improved for the sum of $12,365, for a part of the price of which she gave the notes sued upon. Said improvements were a part of the consideration for which she was to pay the vendor that sum. The vendor then executed and delivered to her a bond for title, in the penal sum of $24,731, of even date with the notes, and conditioned, that, whereas the vendor at that day agreed to sell to the vendee a tract of land, fully described therein, and known as " No. 534 Ponce de Leon Avenue," according to present numbering of houses in the city of Atlanta, for the sum of $12,365.50 to be paid as follows: $3150 by the transfer by the vendee of her equity in the lot on the south side of Ponce de Leon Avenue, $4750 by the assumption of a loan of that amount on said property, and the balance of $4465.50 by three notes of $1488.50 each, due on or before December 23, 1915· (1916?) and 1917, respectively, with interest at seven per cent. until paid, if the vendee should well and truly pay said sums of money at the time or times therein specified, then the vendor was bound to execute to the vendee, her heirs and assigns, a good and sufficient title with full covenants of warranty to the aforesaid described property.

Defendant alleged that the vendor did undertake to make said improvements, but did not in good faith do so according to plans and specifications, which had been agreed upon; but the kind and character of improvements were so indifferent and inferior that they greatly injured the house and rendered it of less value. She then described the improvements made and the defects therein. The cost of said improvements, had they been made in accordance with the agreement and promise of the vendor, would have been $3000 or other large sum, and to that extent was a part of the consideration of said three notes. At many times prior to the maturity of the first note, due December 23, 1915, H. W. Nicholes, as agent for the vendor, promised to make said repairs and additions. She refused to pay said note at maturity, because the same had not been properly made; but finally paid the first note, but

only after the plaintiff's agent, Rex Mooney, had agreed that he would see that the vendor made said repairs, alterations, and additions, and H. W. Nicholes, as agent of the vendor, renewed his promise to make said additions and alterations in the manner agreed upon. When the second note became due she flatly refused to pay the same, as the vendor had not complied with her part of said agreement; and finally, after the solicitation of plaintiff's agent, Mooney, and at the renewed promise of H. W. Nicholes, agent of the vendor, she paid $500 on said notes and refused to pay the balance until said vendor complied with her contract. The exact relation between her and her vendor, through her agent H. W. Nicholes, was well known to said Mooney, agent of the plaintiff. Not only were the efforts made by the vendor to make said improvements a failure in part of the consideration of said notes, but the way in which the work was done injured the building to the extent of $2,000 or other large sum. The failure of the vendor to make said improvements as agreed upon, and the manner in which the work was done, left the house in a condition less adapted to the use for which she purchased it. She was unable to accommodate such patrons as she could have accommodated, because the sleeping-porch could not be used with the comfort that would have been enjoyed by the boarders occupying the upper rooms if the upper porch had been put in the condition it was to be put under said agreement. In this way she lost customers and patrons, to her damage in the sum of $1500 or other large sum. ·She protested against the character of the improvements which the vendor was having done, and notified her, through her agent and husband, that said improvements did not comply with the agreement made, which was a part of the consideration of the notes, and that she would not pay the same. The failure of the vendor to make said improvements was known to the plaintiff before and at the time of the purchase of said notes. If the plaintiff was an innocent purchaser of said notes, and did not know of the failure of the vendor to make said improvements and of the fact that the consideration had failed or partially failed, and is entitled to recover on said notes and obtain a special lien on said property, then defendant says· that all persons interested in this transaction are parties to this suit, and equity can be done, so that the defendant may recover judgment for the damages she has sustained by reason of the

failure to make said improvements, the damages done the building in the effort to make them, and the damages she has sustained by reason of loss of patronage by inability to accommodate those whom she could have accommodated if they had been made, and that she be allowed to set off such judgment against the judgment the plaintiff may obtain against her and the property, and that this defendant be liable thereon only in case the plaintiff is unable to make its judgment out of the other defendants, and for such sum as it may be unable to realize on its judgment against all the defendants.

Defendant prays: (1) that it be determined whether the plaintiff is an innocent purchaser and bona fide holder of said notes; (2) if not, that the plaintiff be entitled to recover thereon only to the extent of any excess of the amount due on said notes over the damages sustained by her; (3) if it be determined that plaintiff is an innocent purchaser and entitled to a judgment for the amount due on said notes and a special lien on said property, it be ascertained what amount this defendant is entitled to recover against the vendor on account of the failure of the consideration of said notes, and the damages she has sustained because of the character of the work done in the effort to make said improvements, and that she have judgment therefor; and that plaintiff's judgment against her and said property be not enforced against her and said property except for the amount which the plaintiff is unable to realize from the other defendants, and that plaintiff be required to levy upon the property of the other defendants and exhaust the same before levying upon said property; (4) when is ascertained the amount in which she is entitled to judgment against Lula M. Nicholes on account of the failure of consideration and the damages defendant has sustained, if this judgment exceeds the amount due on the notes, then said judgment be credited with the amount due on said notes; if less, then this defendant be entitled to enforce such judgment against Lula M. Nicholes; (5) for such other and further relief as may seem meet and proper.

The plaintiff demurred to the answer as amended, on the grounds among others: (1) that it set forth no valid defense; (2) that it does not clearly appear whether the defendant seeks to rely upon the defense of fraud in the procurement from her of the notes sued on, or whether she relies upon the defense of failure of consideration; (3) that the defendant attempts to vary by parol a

written contract, said notes setting forth the consideration for which they were given; (4) that she seeks to engraft by parol upon a contract in writing additional terms resting in parol, without first seeking to reform the contract; (5) that defendant can not set off against plaintiff's judgment against her a judgment which she may obtain against her codefendant. The court held that the plea and answer as amended failed to "set forth an issuable defense, for the reason that the oral contract alleged therein can not be set up;" and thereupon the same was stricken. The defendant filed exceptions pendente lite.

On September 15, 1921, attorneys for the plaintiff appeared and requested permission of the court to take a default judgment, which the court permitted. Upon proof of the service of the notice for attorney's fees, a verdict was directed in favor of the plaintiff against the defendants; and judgment was entered thereon.

Mrs. Roberts assigned error upon her exceptions pendente lite to the judgment striking her plea and answer as amended, and to the final judgment rendered in said case. She excepted also to the court's permitting the case to be taken out of its regular order for a default judgment, and to direction of the verdict.

*Hugh Howell* and *Dorsey, Brewster, Howell & Heyman,* for plaintiff in error.

*W. D. Ellis Jr.* and *Madison Richardson,* contra.

HINES, J. (After stating the foregoing facts.)

1. The defendant, Leila Roberts, in her answer alleged that prior to the execution of the notes sued on in this case, and to the execution of the bond for title from Lula M. Nicholes to her, the latter agreed to make certain repairs upon the dwelling-house on the property, for the purchase-money of which in part said notes were given. She further alleged that the making of such repairs and improvements constituted a part of the consideration of said notes, that her vendor failed to make the same, and that the consideration of said notes had failed to the extent of the value of such improvements.

The notes sued on recited that they were given as parts of the purchase-money of No. 534 Ponce de Leon Avenue, Atlanta, Ga. The vendor executed to the vendee a bond for title, which recited that the vendor had agreed to sell to the vendee a tract of land, fully described therein, and known as "No. 534 Ponce de Leon

Avenue," in the City of Atlanta, for the sum of $12,365.50, to be paid as follows: $3150 by the transfer by the vendee of her equity in the lot on the south side of Ponce de Leon Avenue, $4750 by the assumption of a loan of that amount on said property, and the balance of $4465.50 by three notes, for the sum of $1488.50 each, due on or before December 23, 1915, 1916, and 1917, respectively, with interest from date at the rate of seven per cent. per annum; and in which the obligor agreed, if the vendee should well and truly pay said sums of money at the time or times therein specified, " then the vendor was bound to execute to the vendee, her heirs and assigns, a good and sufficient title with full covenants of warranty to the aforesaid described property." The plaintiff demurred to this answer of the defendant, setting out the above facts and pleading failure of the consideration of the notes sued on, on the ground that it was an attempt to add to, vary, and contradict the written contract of sale between the vendor and vendee, evidenced by said notes and said bond for title. The court sustained said demurrer, and struck the answer of the defendant, on the ground that it was an attempt by parol to add to the written contract of purchase between the vendor and vendee.

Did the court commit error in striking the amendment offered by the defendant to her answer, on the ground that it undertook to set up by parol a collateral agreement entered into between the vendor and the vendee prior to, or at the time of, the execution of the contract of sale? The notes and the bond for title constitute a complete contract. *Armistead* v. *Weaver,* 140 *Ga.* 740 (79 S. E. 783); *Holt* v. *Clary,* 146 *Ga.* 46 (90 S. E. 381). These instruments describe the land to be sold, the terms of the sale, the giving of the notes sued on in payment in part of the purchase-money, and the obligation of the vendor to convey when the purchase-money is paid. The notes recite that they are given in part for the purchase-money of the premises sold, and the bond for title obligates the vendor to make to the vendee, when the latter pays these notes, title with full warranty to the premises therein described. Under these circumstances, can the vendee set up a parol collateral agreement by which the vendor was to make various and valuable improvements upon the land, that the making of these improvements constituted a part of the consideration of the notes, thus contradicting the recitals, both in the notes and in the bond for title, that

the notes were given in part payment of the purchase-price of this property; and thus set up and prove such prior or contemporaneous collateral agreement to show the failure in part or in whole of the consideration of said notes? We repeat, these instruments constitute a complete contract of sale.

The general rule is that parol evidence is not admissible to add to, take from, or vary a written contract. Civil Code, §§ 5788, 4268; *Rogers* v. *Atkinson,* 1 *Ga.* 12; *Bank of St. Marys* v. *Mumford,* 6 *Ga.* 44, 78; *Bostwick* v. *Duncan,* 60 *Ga.* 383; *Heard* v. *Tappan,* 116 *Ga.* 930 (3), 934 (43 S. E. 375); *O'Neal* v. *Ward,* 148 *Ga.* 62 (3), 64 (95 S. E. 709). Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument. Civil Code, § 5789. If a part only of a contract is reduced to writing, such as a note given in pursuance of a contract, and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible. Civil Code, § 4268. Where the writing does not purport to contain all the stipulations of the contract, parol evidence is admissible to prove portions thereof not inconsistent with the writing. Civil Code, § 5791. In the case at bar it is not manifest that the writings between the vendor and the vendee were not intended to speak the whole contract. These writings on their face purport to contain all the stipulations of the contract of sale. Before parol evidence can be received to show a collateral agreement, it must appear, either from the contract itself or from the attendant circumstances, that the contract is incomplete, and that what is sought to be shown as a collateral agreement does not in any way conflict with or contradict what is contained in the writing. The rule, which permits parol proof in case of apparent incompleteness in written statements of the obligations of the parties, denies parol proof, variant from the written terms, which imposes additional and other terms dependent upon a prior or contemporaneous parol agreement. *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28); *Brosseau* v. *Jacobs' Pharmacy Co.,* 147 *Ga.* 185, 190 (93 S. E. 293); *Young* v. *Young,* 150 *Ga.* 515 (104 S. E. 149). Here the effort is to impose additional and other terms to those expressed in these writings, and which depend upon a prior or contemporaneous parol agreement. All previous negotiations are merged in the subsequent written contract, and an ad-

ditional obligation can not be grafted thereon by parol testimony. *Wyche* v. *Winship,* 13 *Ga.* 208; *Lester* v. *Fowler,* 43 *Ga.* 190; *Howard* v. *Stephens,* 52 *Ga.* 448; *Goodman* v. *Fleming,* 57 *Ga.* 350; *Smith* v. *Newton,* 59 *Ga.* 113; *Haley* v. *Evans,* 60 *Ga.* 157; *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954); *Georgia Casualty Co.* v. *Dixie Trust &c. Co.,* 23 *Ga. App.* 447, 452 (98 S. E. 414). It will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract. *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711). So we are of the opinion that the defendant should not have been allowed by parol to add other terms to those set out in the notes given for the purchase-money of this land, and in the bond for title from the vendor to her, as these instruments constituted a complete contract.

We recognize the difficulty of always applying the rule against admitting parol evidence to add to, take from, or vary a written instrument. It is often difficult to say when parol evidence offered is a mere explanation of the consideration of notes, and when it is an attempt to attach a condition to the contract or to add new terms thereto. *Boynton* v. *Twitty,* 53 *Ga.* 214. What we have said does not conflict with the rule that parol evidence is admissible to show the circumstances under which a note was made, to explain the consideration, and show that it is not in fact based on the consideration which appears on its face, and what its true consideration was. *Anderson* v. *Brown,* 72 *Ga.* 713; *Burke* v. *Napier,* 106 *Ga.* 327 (32 S. E. 134). Here the effort is not only to show that the consideration of the note sued on was different from that named in the notes and in the bond for title; but such purpose is to set up a collateral agreement which imposes upon the vendor additional and other terms. The conclusion to which we have come is that the court did not err in striking the portions of the answer of the defendant which set up the collateral agreement between her and the vendor, touching improvements which the latter was to make upon the property purchased.

2. What is said above renders it unnecessary for us to consider the alleged equities set up by the defendant in her answer as amended, as these equities spring from, and depend upon, the parol collateral agreement which we have held can not be set up to add new and additional terms to the contract of sale embraced in the purchase-money notes and the bond for title from the vendor to this defendant.

3. We do not deem it necessary to consider any of the other errors alleged to have been committed by the trial court, as the ruling made in the first division of this opinion disposes of the case.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent.*