## LaGRANGE FEMALE COLLEGE *et al. v.* CARY.

No. 6877. MARCH 14, 1929.

*Tye, Thomson & Tye,* for plaintiff in error.   *E. T. Moon,* contra.

GILBERT, J.   "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument."   Civil Code (1910), § 5788.   As this section implies, there are exceptions to the general rule, and the question now is whether the present case falls within some exception.   In *Roberts* v. *Investors Savings Co.,* 154 *Ga.* 45, 52 (113 S. E. 398), will be found an elaborate discussion of the general rule and exceptions thereto, with citation of authorities.   It is needless to repeat here all that is said there, but it is sufficient to quote the following extract: "The writings on their face purport to contain all the stipulations of the contract of sale.   Before parol evidence can be received to show a collateral agreement, it must appear, either from the contract itself or from the attendant circumstances, that the contract is incomplete, and that what is sought to be shown as a collateral agreement does not in any way conflict with or contradict what is contained in the writing.   The rule, which permits parol proof in case of apparent incompleteness in written statements of the obligations of the parties, denies parol proof, variant from the written terms, which imposes additional and other terms dependent upon a prior or contemporaneous parol agreement."   The contract involved in this case appears complete on its face.   It recites the purpose for which the funds subscribed are to be used.   It provides for the obligation of the subscriber and the mutual obligation on the part of the citizens of LaGrange to subscribe $250,000 for the same purpose.   The consideration stated in the contract does not appear merely by way of recital.   It appears to state terms and conditions on which the subscription is made.

Moreover, the present litigation is not between the parties to the original contract. The parties, as shown by the contract, are the citizens of LaGrange, acting for a public philanthropic purpose, on the one hand, and the subscriber, who is one among many signing a similar agreement, based upon a consideration that the other subscribers are contributing to the same fund, on the other. In *Wellmaker* v. *Wheatley*, 123 *Ga.* 201, 203 (51 S. E. 436), involving parol evidence as affecting consideration of a contract, this court said: "As a general rule, the consideration of a contract is open to inquiry as between the original parties, and even the consideration of a deed may be inquired into when the principles of justice require it. *Finney* v. *Cadwallader*, 55 *Ga.* 78; Civil Code, § 3599. But this rule is applicable only where the statement as to the consideration in the contract is merely by way of recital. The consideration may be so referred to in the contract as to make it one of its terms and conditions. When this is true, parol evidence is not admissible to vary the term, although the term relates to the consideration." In this connection compare *Daniels* v. *Smith*, 144 *Ga.* 561 (87 S. E. 774); *Bond* v. *Perrin*, 145 *Ga.* 200, 207 (88 S. E. 954), and cit.; *Brosseau* v. *Jacobs Pharmacy Co.*, 147 *Ga.* 185 (93 S. E. 293). It is needless to enumerate all the exceptions. The plaintiff obviously sought cancellation of his subscription on the theory that parol evidence was admissible to prove a contemporaneous parol understanding between the parties as to the consideration. On the admissibility of contemporaneous parol understandings the Civil Code (1910), § 5789, provides: "All contemporaneous writings are admissible to explain each other; and parol evidence is admissible to explain all ambiguities, both latent and patent." But it is not sought here to introduce a contemporaneous writing, nor is it contended there are any ambiguities, latent or patent. Explaining by parol evidence what is contained in an ambiguous written instrument stands upon a different footing from contradicting or varying the terms of a complete, unambiguous instrument. The effort here is to vary the terms of a valid unambiguous instrument, complete on its face, and bearing a stated mutual consideration. In such a case parol evidence is inadmissible.

The brief of the defendant in error contains the following excerpt from 22 C. J. 1212, § 1615: "It has been held that where

the execution of a written instrument has been induced by an oral stipulation or agreement made at the time, on the faith of which the party executed the writing and without which he would not have executed it, *but such agreement or stipulation is omitted from the writing even if its omission is not due to fraud or mistake, evidence of the oral agreement or stipulation may be given, although it may have the effect of varying the contract or obligation evidenced by the writing,* where there has been an attempt to make a fraudulent use of the instrument in violation of such promise or agreement, or where the circumstances would make the use of the writing for any purpose inconsistent with such agreement dishonest or fraudulent. This rule is put upon the ground that the attempt by one party afterward to take advantage of the omission of such terms from the contract is a fraud upon the other party who was induced to execute it upon the faith of such promise; and hence he will be permitted to show by parol evidence the truth of the matter." (Italicized as in brief.) The law there stated is not applicable to this case, for the very plain reason that no fraud is charged in any respect, either in the preparation or use of the contract. The principle stated in the quotation is applicable, as it says, "where there has been an attempt to make a fraudulent use of the instrument in violation of such promise or agreement, or where the circumstances would make the use of the writing for any purpose inconsistent with such agreement dishonest or fraudulent." The petition in this case makes no allegation which would bring the case within the law as just stated.

On the other hand, it is apparent that the contract was entered into with the highest motives, and that cancellation is sought solely on the ground that the Methodist Church has not so far contributed the full amount of the sum expected from it. It is not clearly alleged that there was any time limit within which it was to pay, or that it has finally and irrevocably failed or refused to complete its agreement. This, however, is mentioned only because the subject is referred to in the briefs. If it were otherwise, this would not change the ruling. From what has been said it follows that the court erred in overruling the demurrer to the petition. Further proceedings, after the demurrer was overruled, were nugatory.

*Judgment reversed. All the Justices concur.*