## CONKLIN *v.* LEWIS STATE BANK.

CANDLER, Justice. Walter E. Conklin filed an equitable suit in the Superior Court of DeKalb County against Lewis State Bank, a Florida corporation, to enjoin it from selling his home at 123 Melrose Avenue in Decatur, Georgia; and to cancel a note and a loan deed which he had given it on June 19, 1934. As amended, his petition contained these allegations: On January 5, 1934, he owed the defendant a note for the original principal amount of $3000, which was then in default, and as security for its payment the defendant had a loan deed for the petitioner's home. The defendant's Atlanta agent advised the petitioner to refinance his debt with Home Owners' Loan Corporation, and assisted him in the preparation of an application to that corporation for a new loan. Home Owners' Loan Corporation appraised his home at $3000 and offered to lend him $2400 on it. At that time, there was due on his note to the defendant approximately $3636.57, and the defendant agreed in writing with Home Owners' Loan Corporation, and with the petitioner, to accept $1569.37 in full settlement and satisfaction of its debt. The petitioner, on May 4, 1934, executed and delivered to Home Owners' Loan Corporation his note for $2400 and a loan deed on his home as security therefor. The defendant, at the same time, signed an agreement to accept the corporation's bonds at face value, and cash not to exceed $25, in payment of its obligation and upon receipt of the same to release its claim against the petitioner and his property. The petitioner's loan from Home Owners' Loan Corporation was closed on June 15, 1934, and the defendant, at that time, accepted Home Owners' Loan Corporation bonds at their face value for $1550, with accrued interest of $5.18, and the corporation's check for $14.19, in full satisfaction of its debt, and the defendant's Atlanta agent then delivered the petitioner's note and loan deed to the closing attorney for Home Owners' Loan Corporation, after making a notation upon each that it had been fully paid and satisfied with an order upon the loan deed for its cancellation of record. On June 19, 1934, the defendant's Atlanta agent called the petitioner to his office and informed him that his loan from Home Owners' Loan Corporation could not go through unless he gave the defendant a second lien on his home for the difference between the amount originally due the defendant and the amount received by it from the proceeds of the petitioner's loan from Home Owners' Loan Corporation; and being in great financial distress and relying upon the representation of the defendant's agent, the petitioner, without the knowledge, consent, or approval of any one representing Home Owners' Loan Corporation, gave the defendant a new note for $1984 and a

security deed, with a power of sale, for the same property which he had previously conveyed to Home Owners' Loan Corporation, but subject thereto. The note and loan deed of June 19, 1934, were not made to evidence or secure any valid or actually existing indebtedness, and being wholly without consideration are void. It was further alleged that the defendant was advertising the property described in its security deed for public sale on the first Tuesday in July, 1949. A general demurrer to the petition as amended was sustained and the exception is to that judgment. *Held:*

1. The Home Owners' Loan Act of 1933 (12 U.S.C.A., §§ 1461 et seq.) was passed by Congress, and approved by the President, for the primary purpose of supplying direct relief to distressed home owners who were unable to amortize their debts elsewhere; and not for the purpose of assisting lienholders. Meek *v*. Wilson, 283 Mich. 679 (278 N. W. 731); Prato *v*. Home Owners' Loan Corporation (1938, D.C.), 24 Fed. Supp. 844. And any scheme or transaction which has for its ultimate purpose a defeat of the beneficent intentions of the act is contrary to public policy, a fraud upon the act, and consequently null and void. *Robinson* v. *Reynolds*, 194 *Ga.* 324 (21 S. E. 2d, 214); Cook *v*. Donner, 145 Kan. 674 (66 Pac. 2d, 587); notes in 110 A.L.R. 250, 121 A.L.R. 119, 125 A.L.R. 800.

2. When the bank grantee in a loan deed, after it has executed to Home Owners' Loan Corporation a release of all of its claims against its debtor and received less in bonds from the corporation than the amount actually due it, agrees secretly with its debtor that the debtor willl give it a new note and a second lien on the property pledged to the Corporation to cover the loss it has sustained in making . the release, such agreement is in violation of the spirit and purpose of the act under which the release was made; it denotes bad faith, is contrary to public policy, constitutes a fraud upon the act, and the new note and second lien so given and created are null and void; and more especially is this true where, as in this case, the two loans exceed the appraised value of the home-owner's property. The ruling just made, without a single exception found by us, accords with the holding of every appellate court in this country which has been called upon to decide the validity of such secret second liens. For a citation of the many authorities so ruling, see McAllister *v*. Drapeau, 14 Cal. 2d., 102 (92 Pac. 2d, 911, 125 A.L.R. 800, 807).

3. Measured by the. rule announced in 2 above, the allegations of the amended petition in the instant case were sufficient to state a cause of action for the relief sought. Accordingly, it was erroneous for the trial judge to sustain the defendant's general demurrer.

*Judgment reversed. All the Justices concur.*

No. 17101. JUNE 13, 1950. REHEARING DENIED JULY 13, 1950.

*Grant, Wiggins, Grizzard & Smith*, for plaintiff.

*James A. Mackey, Dean Boggs*, and *Thomas O. Davis*, for defendant.