THOMAS *v.* EASON; *et vice versa.*

Nos. 17731, 17732. ARGUED JANUARY 15, 1952—DECIDED MARCH 12, 1952—
REHEARING DENIED MARCH 25, 1952.

*W. J. Forehand, P. Q. Bryan* and *Robert Culpepper Jr.,* for plaintiff in error.

*Ford & Houston,* contra.

Head, Justice. ■ The trial court did not err in overruling the general demurrers of the defendant to the petition. A cause of action for specific performance of the contract was duly set forth in precise allegations. The special demurrer of the defendant to the allegation that the purchase price "was tendered to said defendant for said land under the terms of said contract," as being a conclusion, is without merit. That the tender was made under the terms of the contract is not a conclusion, when viewed with the other allegations as to tender. The allegations of tender in their entirety had reference to an ultimate fact, susceptible of proof (*Schneider* v. *Smith,* 189 *Ga.* 704, 706 (5) 7 S. E. 2d, 76), and the allegations are not ambiguous as contended.

While, under the terms of the written contract, it was contemplated that the petitioner would procure a loan under the Bankhead-Jones Act (U. S. C. A. Supp., § 1001), this provision of the option was solely for the benefit of the petitioner. That he may have procured his loan from an independent source is not a matter about which the defendant can complain.

■ The alleged parol agreement for a side payment of $3000, upon which the defendant relies, is void, unenforceable, and affords no defense to the written contract. Parol evidence is inadmissible to add to, take from, or vary a written contract. If only a part of the contract is reduced to writing, and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible. Code, § 20-704. The allegation upon which the defendant relies as to a parol agreement for a side payment is an attempt to add to a complete contract, and this allegation contradicts the written contract as to the consideration to be paid to the defendant by the petitioner.

"To bring a case within the rule admitting parol evidence to complete an entire agreement of which a writing is only a part, two things are essential. First, the writing must appear on inspection to be an incomplete contract; and second, the parol evidence must be consistent with and not contradictory of the written instrument." *Forsyth Manufacturing Co.* v. *Castlen,* 112 *Ga.* 199, 210 (37 S. E. 485). See also *Brannen* v. *Brannen,*

135 *Ga.* 590, 591 (69 S. E. 1079); *Smith* v. *Baker,* 137 *Ga.* 298 (72 S. E. 1093); *Bank of Lavonia* v. *Bush,* 140 *Ga.* 594 (79 S. E. 459); *Roberts* v. *Investors Savings Bank,* 154 *Ga.* 45, 52 (113 S. E. 398); *LaGrange Female College* v. *Cary,* 168 *Ga.* 291 (147 S. E. 390).

The alleged parol agreement for a side payment of $3000, under the provisions of the contract in this case, would be void for the reason that such an agreement is against the public policy of this State. *Robinson* v. *Reynolds,* 194 *Ga.* 324 (21 S. E. 2d, 214); *Conklin* v. *Lewis State Bank,* 207 *Ga.* 106 (60 S. E. 2d, 447).

■ The allegation that the "defendant, knowing that petitioner was an ordained minister of the gospel, who claimed to have been called of God to preach redemption to a lost world, reposed the utmost confidence in his honesty and integrity and agreed to let the petitioner read the option to him," is wholly insufficient under the Code, § 37-707, to establish confidential relations between the petitioner and the defendant. The fact that the defendant may have reposed trust and confidence in the petitioner did not create such a confidential relationship. *Dover* v. *Burns,* 186 *Ga.* 19, 26 (196 S. E. 785).

The defendant's contention that the petitioner did not read the entire contract to him falls squarely within the rules laid down by this court in *Lewis* v. *Foy,* 189 *Ga.* 596, 598 (6 S. E. 2d, 788), as follows: "It has often been held by this court that a party to a contract who can read must read, or show a legal excuse for no doing so, and that fraud which will relieve a party who can read must be such as prevents him from reading." (See cases cited).

The defendant alleges that he did not have his glasses, that they were inaccessible, and that the petitioner stated he was in a hurry. This allegation is answered in *Lewis* v. *Foy,* supra, in the following language: "The fact that the defendant in the instant case took the deed out of the plaintiff's hands when she undertook to read it will not excuse her for failure to read it, *nor does the fact that she did not have her glasses, that they were inaccessible, and that she could not read without them justify her failure to read; nothing being alleged to show an emergency making it necessary that she sign without delay.*

*The defendant's saying he was in a hurry constituted no emergency."* (Italics ours.)

The defendant's answer set up no defense to the written contract, and the general grounds of the motion for new trial were properly overruled. Any failure to charge by the trial judge, as contended by the defendant, could not have been injurious to the defendant, since his defense to the action for specific performance could not be sustained as a matter of law.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. All the Justices concur.*

### On Motion for Rehearing.

Counsel for the defendant insist in their motion for rehearing that we have overlooked the decision in *Brooks* v. *Matthews,* 78 *Ga.* 739 (3 S. E. 627). The *Brooks* case has never been followed by this court. It was referred to in *Augusta Southern R. Co.* v. *Smith & Kilby Co.,* 106 *Ga.* 864, 869 (33 S. E. 28), *Walton Guano Co.* v. *Copelan,* 112 *Ga.* 319, 322 (37 S. E. 411), and in *Stoddard Manufacturing Co.* v. *Adams,* 122 *Ga.* 802, 803 (50 S. E. 915), where the ruling in the *Brooks* case was limited to its particular facts. While only five Justices participated in the *Stoddard* case, this would in no wise avoid the limitation therein of the *Brooks* case, since under the Code five Justices might have overruled the *Brooks* case. Code, § 6-1611.

The ruling in *Brooks* v. *Matthews,* supra, is in conflict with older decisions of this court. In *Bostwick* v. *Duncan, Johnston & Co.,* 60 *Ga.* 383, it was held: "That defendant signed a written agreement without reading it, and it did not contain the contract as in fact made, is no ground for the introduction of parol evidence to vary its terms, etc. It is not the duty of courts to relieve parties from the results of their gross negligence." See also, in this connection, *Williams* v. *Waters,* 36 *Ga.* 454 (3); *Lester* v. *Fowler,* 43 *Ga.* 190; *Scurry* v. *Cotton States Life Ins. Co.,* 51 *Ga.* 624; *Howard* v. *Stephens,* 52 *Ga.* 448, 449; *Brown* v. *Cheatham,* 66 *Ga.* 14, 17; *Turner* v. *Rives,* 75 *Ga.* 606, 609.

In this case the defendant contends that the plaintiff was guilty of "fraud" in not reading to him provisions of the contract which specifically made void any agreement for a "side payment." The defendant will not be heard to complain of any alleged "fraud" based on a failure of the plaintiff to read the

entire contract, when the alleged agreement for a "side payment" was void independently of the contract provisions declaring such agreements to be void.

*Motion for rehearing denied. All the Justices concur.*