Lester & Lester *vs.* Fowler *et al.*

LESTER & LESTER, plaintiffs in error, *vs.* JOHN M. FOWLER *et al.*, defendants in error.

A suit was brought in a Justice's Court on a note for $20 00, made by the defendants, payable to the plaintiffs, and on the trial the Justice allowed the defendants to prove that the conditions of the contract were, "that the plaintiffs were to clear the defendants of the charge for which they were indicted, or they were to have nothing;" which evidence was objected to by the plaintiffs, on the ground that it contradicted the note, which was the best evidence of the contract between the parties. The case having been carried up to the Superior Court by writ of *certiorari*, the Court affirmed the ruling of the Justice and dismissed the same:

*Held*, That the admission of the parol evidence by the Justice to contradict the note and prove *conditions* not expressed therein, was error; and that the Court below erred in not sustaining the plaintiffs' *certiorari* and ordering a new trial in the Justice's Court.

Parol evidence to vary writing. Before Judge KNIGHT. Forsyth Superior Court. April, 1871.

Fowler and one Dunaway, in 1857, gave to Lester & Lester their promissory note for $20 00, due one day after date. When sued upon it, they pleaded the Scaling Ordinance, and that the consideration had failed. On the trial, the makers and a person who was present when the contract was made, testified that the note was given to get Lester & Lester to defend the makers for riot, and that they told defendants that if they proved what they said they could, they should be cleared or not have to pay the note; that they did prove what they said they could, but were convicted. All this evidence was objected to, upon the ground that it varied the note; but the Justice overruled the objection. The Justice gave judgment against the plaintiffs. They sued out a *certiorari*, averring that the Justice erred in admitting said evidence. The judgment of the Justice was sustained, and that is assigned as error.

H. P. BELL, for plaintiffs in error. As to parol evidence to vary writing, cited Revised Code, section 3747; 1st Kelly, 18; 4th Georgia Reports, 106; 5th, 373; 26th, 241.

H. L. PATTERSON, for defendant, cited Revised Code, section 2715; 28th Georgia Reports, 165.

WARNER, Judge.

It was error in the Court in not sustaining the plaintiffs' *certiorari* and ordering a new trial in the Justice's Court.

Let the judgment of the Court below be reversed.

---

WILLIAM A. SMITH *et al.*, plaintiffs in error, *vs.* WILLIAM L. BYERS *et al.*, defendants in error.

1. A judgment in equity, directing the removal of trustees for mal-administration, and that they pay a certain amount into the hands of a Receiver, that it may go into the hands of a new trustee, to be managed according to the terms of the trust, is not such a debt as the plaintiffs in the bill, the beneficaries, are bound to pay taxes upon.

2. A judgment of a Court of competent jurisdiction, is conclusive between the same parties as to all matters at issue, and when executors are removed from their trust under a judgment for waste and mismanagement, they cannot, under the Relief Act of 1870, deny that they have mismanaged their trust.

Relief Act, 1870. *Res adjudicata.* Before Judge KNIGHT. Dawson Superior Court. April Term, 1871.

See the origin of this case, *ante,* 41st Georgia Reports, 437. The judgment was that Byers *et al.,* complainants, recover of Smith & Looper $5,500 00, to be paid to a Receiver, when appointed, and that they be removed from their executorship. A *fi. fa.* was issued accordingly on said judgment, and was levied upon certain lands of Looper. He and Smith filed an affidavit that said *fi. fa.* was proceeding illegally, because the same was founded upon a contract made or implied before June, 1865, and the legal taxes chargeable by law on said debt had not been paid; that Looper lost "in consequence of the war," $16,900 00, in the destruction, loss and depreciation of property, and Smith lost $12,700 00