## Haley, executor, *vs.* Evans.

1. When an executor is made a party defendant to a pending action, he may be ruled to trial at once, unless cause be shown for a continuance. The absence of counsel without leave, and unexplained, is not such cause. Nor is the absence of certain books of account in the plaintiff's possession, when they would not be available as evi-

dence if present, their relevancy depending upon preliminary evidence to vary and contradict the written contract constituting the cause of action, and said preliminary evidence being in parol, and therefore inadmissible.

2. An absolute, unconditional promissory note, cannot be changed into a conditional obligation by parol, in the absence of fraud, accident or mistake. (R.)

Continuance. Administrators and executors. Contracts. Evidence. Before Judge LESTER. Cherokee Superior Court. August Term, 1877.

Report unnecessary.

W. M. SESSIONS, for plaintiff in error.

W. T. & W. J. WINN; C. D. PHILLIPS, for defendant.

BLECKLEY, Judge.

The application for continuance rested on the absence of counsel; on the fact that the movant, the executor, had just been made a party, and on the desire and expectation of procuring evidence to aid in a defense based on contradicting or varying the note. It did not appear why the counsel was absent, and the court knew he had no leave of absence. Before being made a party the executor had (it is to be presumed) the twelve months allowed by statute to look into the state of his testator's affairs. He did not represent to the court that he needed more time for that purpose On the contrary, he filed a plea setting forth the transaction out of which the note sued on arose, and alleging an agreement varient from the absolute, unconditional contract to pay embodied in the note. It was to enable him to coerce the production of certain books in the plaintiff's possession, that the continuance was wanted. But, according to the showing for continuance, as we understand it, the books would be relevant, not to establish a contract different from that contained in the note, but only to aid in making the defense complete after that different contract had been otherwise es-

tablished. From the tenor of the plea, as well as of the showing, it is obvious that the contract relied upon was in parol, and cotemporaneous with the execution of the note. In some of its features the case bears a strong resemblance to that alleged by the complainant in 20 *Ga.*, 242. The effort at bottom is to change by parol, an absolute, unconditional promissory note, into a conditional note. This cannot be done, in the absence of fraud, accident or mistake. And the averments as to the fraud, accident or mistake must be full and explicit. It is in vain to have writings, if parties can be allowed deliberately to reduce a contract to writing, and then set up by parol a totally different contract. Why will people say in writing that their agreements are so and so, when they are something else? Generally, they must abide by the writing. 5 *Ga.*, 373; 13 *Ib.*, 193, 208, 210; 21 *Ib.*, 118; 36 *Ib.*, 454; 40 *Ib.*, 199; 41 *Ib.*, 675; 43 *Ib.*, 190, 333, 423; 44 *Ib.*, 662; 49 *Ib.*, 370; 50 *Ib*, 211; 52 *Ib.*, 149, 448, 570; 53 *Ib.*, 18; 54 *Ib.*, 289, 586; 56 *Ib.*, 31; 57 *Ib.*, 319.

Judgment affirmed.