## JOHNSON v. NISBET.

In a suit upon a note for a certain sum of money payable at a definite time, a plea is demurrable which alleges that the note was given in pursuance of an oral agreement that the payee employed the maker to work for him the subsequent year, and advanced to him the money for which the note was given, with the understanding that he was to pay it in certain installments out of his wages, and that the payee refused to carry out his contract of employment, to the damage of the maker in a sum exceeding the amount of the note. Where a, contract is entire, part of which is in writing and part in parol, the written part can not be varied by parol evidence in the absence of fraud, accident, or mistake.

November 16, 1911.

Complaint. Before Judge Edwards. Louglas superior court. December 1, 1910.

*Roberts & Hutcheson,* for plaintiff in error.

*W. A. James* and *Shepard Bryan,* contra.

Evans, P. J. J. L. Nisbet sued H. G. Johnson and Mrs. Jennie R. Johnson on a note, to the March term, 1910, of Douglas superior court, alleging that notice was given, on February 16, 1910, by the plaintiff to the defendants of the intention of the former to bring such suit. The note was for $150 principal. It was dated November 1, 1907, due July 1, 1908, payable to Adams, Wright & Co., provided for interest at the rate of 8 per cent. per annum, and 10 per cent. attorney's fees if collected by law, and contained a waiver of homestead and exemption rights. On the back of the note was a transfer thereof to J. L. Nisbet, signed by Adams, Wright & Company, without date. The defendants filed a plea which denied all the allegations of the petition except the one stating that the note was due and that the defendants refused to pay the same, and denied that the plaintiff was a bona fide owner and holder of the note; and averred that if he ever owned it he procured it from the payees thereof after maturity, with full knowledge of "every defense hereinafter set up by these defendants." The allegations of the 4th, 5th, 6th, and 7th paragraphs of the answer are substantially as follows: On November 1st, 1907, Adams, Wright & Company, the payees of the note sued on, employed the defendant to work for them as a traveling salesman for 1908, and "at said date said Adams, Wright & Co. advanced H. G. Johnson $150.00 in cash to be paid back out of his salary for the year 1908," in monthly sums of $25.00 until the note was paid, such payments to

begin January 30, 1908. "As evidence of said contract of cash loan the note sued on was given, and the consideration of said note was the cash loan aforesaid, and the contract of employment aforesaid for the year 1908. On the 28th day of December, 1907, said Adams, Wright & Co. notified the said H. G. Johnson that they would not employ him for the year 1908, and fully abandoned their contract aforesaid without any cause on the part of the said H. G. Johnson; the said H. G. Johnson was ready and willing to carry out the terms of said contract, and offered to do so. On account of said breach of contract and abandonment of same as aforesaid, this defendant" sustained damages as set forth in the answer. "Said damages grew out of the said contract, the consideration of said note sued on." The 8th paragraph prayed that the damages referred to in the plea be set off against the note by way of recoupment, and that the defendant H. G. Johnson have judgment against the payees of the note for $1,020. The 9th paragraph of the plea alleged that Jennie R. Johnson was the wife of H. G. Johnson, and signed the note as surety for her husband. The 10th paragraph alleged that if the plaintiff procured the note at all, he did so after it became due and with full notice of the defenses set up in the plea. The court, at the trial term of the case, on oral motion of the plaintiff, struck paragraphs 4, 5, and 6 of the plea, and, upon proof of the notice of intention to sue being given 20 days before the last return day of the term to which suit was brought, directed a verdict in favor of the defendant Jennie R. Johnson, and a verdict in favor of the plaintiff against the defendant H. G. Johnson for the full amount, principal, interest, and attorney's fees, called for by the note. To the striking of the last three paragraphs of the plea, and to the direction of the verdict, H. G. Johnson excepted.

If the contract be treated as an entire and not a severable one, the agreement to pay in installments from the salary to be received was set out as being a vital, integral part of it. Such a contract could not be proved by parol, in the face of the note which fixed the amount to be paid at the time of payment. If the contract was entire, it could not be dismembered so that a recovery could be had for breach of such contract of employment, when the terms of the contract could not be proved by parol. In other words, it is not competent to recover damages for a breach of an entire con-

tract by simply showing a part of it, when another part, which is alleged as being of the essence of the contract of employment and not a mere incident or conditional term, could not be proved. There may be cases in which a contract is severable, so that if one term fails it does not destroy the contract; but if the allegations of the plea are to be treated as making an entire contract, the agreement as to the amount to be deducted from the salary each month and applied to the payment of the note is just as inherently a part of the contract as is the total amount to be paid each month. We do not think it such a case as can be treated as one of entire contract, and yet one in which such integral part of the agreement can be rejected and leave the rest to stand. When the plea is read together, we think there are indications that the alleged contract of employment was in parol and only the note was in writing, and the case should now be dealt with on the substantial question involved, rather than be sent back to have the same principle applied when it appears more plainly that the contract of employment was not in writing. Counsel for both parties put this construction on the pleadings, and argued the case on the basis that the contract of employment was in parol.

The rule is well recognized that if a part of the contract is reduced to writing (such as a note given in pursuance of a contract), and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible. Civil Code (1910), § 4268. But to bring a case within the rule admitting parol evidence to complete an entire agreement, of which the written contract is only a part, it is essential that the parol evidence be consistent with and not contradictory of the written instrument. *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28). The whole tenor of the plea is to change by parol an absolute unconditional promissory note into a conditional note, and this can not be done in the absence of fraud, accident, or mistake. *Haley* v. *Evans,* 60 *Ga.* 157; *Sims* v. *Crawford,* 56 *Ga.* 31. The payees of the note were not parties to the suit, and under no circumstances could the defendant recover against them in this action damages by way of recoupment. The allegation that the plaintiff is not a bona fide holder of the note only served to let in any defense which the maker might have against the note. And it is not permissible to change the terms of a note for a certain sum, payable at

a definite time, by parol proof.    There was no error in striking the plea and directing a verdict for the plaintiff.

*Judgment affirmed.    All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*