## THOMPSON *v.* CITIZENS BANK.

ATKINSON, J. A bank having suffered a loss causing a deficit in its capital, the stockholders entered into an agreement with the bank to the effect that each shareholder should execute to the bank his promissory note for the face value of each share of stock held by him, and that if any part of the money so lost to the bank should be recovered by it, the amount thereof should be credited pro rata on the several notes executed by the stockholders. In pursuance of this agreement the shareholders executed their several promissory notes. Subsequently, when the bank brought suit on one of the notes, the defendant pleaded the contract above mentioned, and alleged that the bank had collected stated amounts of the deficit, that the proportion thereof due defendant under the agreement was sufficient to reduce his liability to a stated amount, and that he tendered the balance. *Held:*

1. The controversy was between the bank and the maker of the note, no question involving the rights of creditors and third persons being involved.

2. The note did not purport to express the entire antecedent contract out of which it sprang, and that contract was not merged into it.

3. It was error to strike so much of the plea of the defendant as set up the matters referred to in the preceding note.

4. So much of the amendment to the plea as sought to set up an agreement that the note was not to be an asset of the bank, being contradictory to the terms of the note, does not set forth a good defense.

*Judgment reversed. All the Justices concur, except*

FISH, C. J., and HILL, J., dissenting. An absolute, unconditional promissory note can not be changed into a conditional obligation by parol evidence, in the absence of fraud, accident, or mistake. *Haley* v. *Evans,*

60 *Ga.* 157, and cases cited; *Stripling* v. *Holton*, 68 *Ga.* 821, and cases cited; *Johnson* v. *Nisbet*, 137 *Ga.* 150 (72 S. E. 915).

AUGUST 10, 1915.

Complaint. Before Judge Rawlings. Emanuel superior court. January 14, 1914.

*Saffold & Jordan,* for plaintiff in error.

*Smith & Kirkland,* contra.