## 12405. WILLIAMS v. JOHNSON-BROWN COMPANY.

1. Although an agent possesses authority to execute a contract in behalf of his principal, yet where the agent signs an instrument in the name of his principal but at the same time disclaims any intention to bind the principal, and so informs the opposite party, who also signed the instrument, and it is at the time understood by the agent and such opposite party that no contract is thereby made, but that the instrument thus signed by them is to be submitted to the agent's principal for the purpose of ratification and is not to become a contract binding between the parties until ratified by the principal, and the instrument is not delivered to the opposite party but is retained by the agent for the purpose of being transmitted to the principal for ratification, and is transmitted for that purpose, there arises no contract between the principal and the opposite party, in the absence of any ratification by the principal of the act of the agent. *Heitmann* v. *Commercial Bank,* 6 *Ga. App.* 584 (65 S. E. 590); *Moore* v. *Farmers Mutual Ins. Co.,* 107 *Ga.* 199 (33 S. E. 65); *Equitable Mfg. Co.* v. *Hill-Atkinson Co.,* 17 *Ga. App.* 494 (3) (85 S. E. 705), and citations.

2. The instrument thus signed by the opposite party amounts only to an offer by him to the agent's principal, which offer may be withdrawn by the party making it before acceptance. This is true even though the party making such offer may, at the time of signing the instrument, have accepted from the agent, for the principal, a payment in money as a consideration for the contract, provided that such consideration is tendered back to the principal before the latter's acceptance of the offer.

3. Where such consideration paid by the principal was not paid in cash, but was paid by a draft drawn by the agent on the principal, the principal's payment of the draft, after his receipt of the offer, and before its acceptance and before the withdrawal of the offer by the party making it, does not amount to an acceptance of the offer.

4. It is clearly and indisputably established by the evidence that the offer was not accepted, and therefore no contract entered into between the parties. It follows, therefore, that in a suit by the principal against the opposite party, alleging a contract and claiming damages for its breach, a verdict for the plaintiff was unauthorized, and it was error to overrule the defendant's motion for a new trial.

DECIDED FEBRUARY 10, 1922.

Action on contract; from Colquitt superior court — Judge Thomas. March 19, 1921.

*L. L. Moore, Dowling, Askew & Whelchel,* for plaintiff in error. *Hill & Gibson,* contra.

STEPHENS, J. Johnson-Brown Company on March 16, 1920, sued Williams upon a written contract, alleging that on October 6, 1919, the plaintiff contracted with the defendant to purchase a certain quantity of a commodity at a stipulated price, and alleging a breach of the contract by the defendant, to the damage of the

plaintiff. The evidence showed, that on the date alleged an agent of the plaintiff negotiated the alleged contract with the defendant; that the contract was drawn in duplicate, both copies being signed by the defendant and by the agent for his principal, that the agent stated to the defendant at the time of the execution of the instrument that the alleged contract would have to be sent to his principal for confirmation; that for this purpose the agent retained and forwarded to his principal both the original and duplicate copies of the instrument; that at the time of the execution of the alleged contract the agent delivered to the defendant a draft on his principal for a certain sum of money, and represented to the defendant that it was a part of the purchase-price to bind the trade; that the draft was presented by the defendant and paid by the plaintiff on October 18, 1919; and that the plaintiff received both copies of the contract from the agent, but never communicated any confirmation thereof to the defendant. There was also evidence to the effect that on October 25, 1919, before any acceptance of the defendant's offer by the plaintiff, or any confirmation by the principal of the alleged contract forwarded to it by the agent, the defendant withdrew his promise to deliver the commodity, and tendered back to the principal the amount of money represented by the draft, which tender was refused by the plaintiff. The testimony of the defendant was in part as follows: " He [the agent] said that he would have to send both original and the duplicate to Albany to Johnson-Brown Company [the principal] for their confirmation. He said that he did not doubt but that they would confirm it, but his instructions were for it to go to them for their confirmation. After that he took both copies of the contract, and I don't know where he sent them. I never heard from them and I never saw [the agent] any more. They did not mail me that duplicate. They did not confirm the contract to me. . . Under the arrangement I had with Mr. Parrish [the agent] this contract was not to be binding before it was confirmed by the company and a copy returned to me. I had a clear understanding to that effect, and Mr. Parrish so understood it and told me so." The agent of the principal testified in part as follows: " I did not undertake to close the trade that afternoon. I told him that I would send them [the contract] to Albany to Mr. Brown [the principal] for him to confirm them."

It is not necessary to add anything further to the headnotes.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*