### 17260. ROGERS *v.* SOUTHERN FERTILIZER AND CHEMICAL COMPANY.

Where to a suit upon a promissory note the defendant filed a plea alleging that the note had been conditionally delivered in renewal of another note which the plaintiff at the time held against him, that such delivery was made with the understanding that the note was not to be a completed contract, or effective as an obligation, until surrender of the old note, and that the old note had never been returned or tendered to the defendant, the plea set forth a valid defense, and the court erred in striking it.

DECIDED DECEMBER 20, 1926.

Complaint; from city court of Eastman—W. M. Clements, judge pro hac vice. January 26, 1926.

*Roberts & Smith,* for plaintiff in error.   *J. H. Milner,* contra.

BELL, J. This was a suit upon a promissory note. The defendant pleaded, among other things, that the note had been delivered conditionally, in renewal of an old note held by the plaintiff against him. The defendant's answer, in paragraph 12, as amended, alleged: That plaintiff is not entitled to recover on said note for the additional reason that when he delivered the same to said agent for said plaintiff, said agent assured your defendant that he would return to your defendant the old note hereinabove referred to, and your defendant executed said note and delivered same to said agent for plaintiff with the additional understanding that the old note would be returned to him, and your defendant says that the same has never been returned to him, and accordingly defendant says that the note sued on is of no effect. That the note or contract sued on, apparently operative between the parties, in fact is not operative for the reason that the same was given with the understanding it was not to be a completed contract until the old or original note referred to in defendant's answer was returned to him, plaintiff through said agent agreeing that he would return same, and it being under-

---

Bills and Notes, 8 C. J. p. 206, n. 17; p. 738, n. 82; p. 739, n. 84.

stood and agreed between the parties aforesaid at the time of the execution and delivery of the note sued on, that said note would not be effective until the return of the old note aforesaid. Defendant says that the old note was never returned, and plaintiff never offered to return the same." The court struck the defendant's answer in its entirety and directed a verdict for the plaintiff. The part of the answer which we have quoted set forth a valid defense and the court erred in striking it. It was consequenly error to direct a verdict in favor of the plaintiff. Civil Code (1910), § 4301; *Moore* v. *Farmers Mutual Ins. Asso.*, 107 *Ga.* 199 (33 S. E. 65); *Hansford* v. *Freeman*, 99 *Ga.* 376 (27 S. E. 706); *Bray* v. *Comer Mercantile Co.*, 32 *Ga. App.* 746 (124 S. E. 817); *Williams* v. *Johnson-Brown Co.*, 28 *Ga. App.* 187 (1) (110 S. E. 497); *Equitable Mfg. Co.* v. *Hill-Atkinson Co.*, 17 *Ga. App.* 494 (3) (87 S. E. 715); *Adams* v. *Hatfield*, 17 *Ga. App.* 680 (4) (87 S. E. 1099); *Hartman Stock Farm* v. *Henley*, 8 *Ga. App.* 255 (68 S. E. 957); *Heitmann* v. *Commercial Bank*, 6 *Ga. App.* 584 (3) (65 S. E. 590); 8 C. J. 737, 742.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*