24889. BOWEN *v.* SWIFT & COMPANY.

Decided March 6, 1936.

*P. M. Anderson*, for plaintiff in error.
*John P. Rabun, W. T. Burkhalter*, contra.

MacIntyre, J. The note sued on in this case was an ordinary promissory note with the exception that it contained the following sentence: "This agent's guaranty note given in conformity with requirements of consignment contract governing sale of fertilizer by undersigned as agent for Swift and Company." To the suit on

this note the defendant's plea in part set up : "That a short time before the note sued on was executed, defendant entered into an oral agreement with the plaintiff by the terms of which, among other things, it was agreed that defendant would act as plaintiff's agent for the sale of fertilizer at Claxton, Georgia, for the then present season, that defendant was to be paid for his services a commission on each ton of fertilizer sold for plaintiff and was to receive said compensation when collection for said fertilizer should be made; that fertilizer sold by defendant for plaintiff would be shipped to defendant, that he would give his note therefor, which would be held by plaintiff till customers' notes had been taken by defendant for plaintiff and in plaintiff's name and delivered to plaintiff at which time defendant's notes would be immediately returned to him; that all notes so given by defendant were only as a guaranty or assurance that defendant would, either deliver customers' notes as provided in said contract or be bound by his note for said fertilizer. Defendant in all respects lived up to said contract, and faithfully procured and delivered customers' notes for said fertilizer, fully in accordance with said contract." The defendant also set up a plea of failure of consideration, and a plea of fraud.

In *Forsyth Manufacturing Co.* v. *Castlen,* 112 *Ga.* 199, 210 (37 S. E. 485, 81 Am. St. R. 28), it was said: "The Civil Code declares that parol evidence is inadmissible to add to, take from, or vary a written contract, or to contradict or vary the terms of a valid written instrument. Civil Code, §§ 3675, 5201. When parties have reduced the agreement between them to writing, they must abide by the terms of the writing, whatever they may be, and nothing in the writing can be contradicted or varied by parol evidence. If, however, 'a part of a contract only is reduced to writing (such as a note given in pursuance of a contract), and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible.' Civil Code, § 3675 (1). 'To bring a case within the rule admitting parol evidence to complete an entire agreement of which a writing is only a part, two things are essential. First, the writing must appear on inspection to be an incomplete contract; and second, the parol evidence must be consistent with and not contradictory of the written instrument.' Bradner, Evidence (2d ed.), 303. See also Underhill, Ev. § 209, 307; Smith, Ev. 214. And a party is at liberty to prove 'the existence of any separate oral agree-

ment as to any matter on which a document is silent, and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them.' 2 Whart. Ev. § 1026, p. 203. See also Smith, Ev. 553; 1 Gr. Ev. (16th ed.) § 284a, p. 413; Browne, Parol Ev. § 50; McKelvey, Ev. § 277." In the *Castlen* case, supra, Judge Cobb, speaking for the court, lays down the recognized rule and says: "There are many decisions by this court relating to this subject, but it would be useless to refer to or cite all of them. Enough have been cited to show that this court has recognized the rule, that in order to allow parol evidence to be admitted to show a collateral agreement it must appear, either from the contract itself or from the surrounding circumstances, that the contract is incomplete, and what is sought to be shown as a collateral agreement must not in any way conflict with or contradict what is contained in the writing. An examination of the cases decided by this court will show, we think, that this rule has been steadfastly adhered to. There may be some confusion in regard to the way in which it has been applied in some cases, and possibly there have been erroneous applications of the rule; but no case has been called to our attention where there has been any departure from this rule."

In the instant case there was a collateral agreement which in no way contradicted the terms of the note, to pay a certain sum of money on a certain date, but this oral collateral agreement (to which the note itself referred without going into the details thereof) was a stipulation which assumed that the defendant was to pay the note precisely as indicated by the writing, but dealt with a possible contingency in the future as to which a separate or "suppletory" agreement was made. Eighmie *v.* Taylor, 98 N. Y. 288, 298. The defendant does not deny that he made just such a contract as that on which the plaintiff seeks to recover but says that the plaintiff at the same time entered into an engagement on his part which has subsequently been broken. Batterman *v.* Pierce, 3 Hill, 171, 178. The plaintiff cites *Johnson* v. *Nisbet*, 137 *Ga.* 150 (72 S. E. 915). In that case the court treated the contract of employment as in parol and only the note was in writing. There was nothing on the face of the note to show, nor did the circumstances show, that the contract was incomplete. Therefore it appeared from the pleading

that the note was a definite and complete contract and that the parol evidence could not be received to vary or contradict its terms. In that case the court said: "We do not think it such a case as can be treated as one entire contract and yet one in which such integral part of the agreement [the parol part] can be rejected and leave the rest [the note] to stand." In *Johnson* v. *Nisbet, supra,* the parol part of the contract agreed to pay only from money derived from the salary of the defendant, which salary was to be paid by the plaintiff—no salary, no payment of the note. If the salary failed, the note would be destroyed. Such a contract could not be proved by parol in the face of the note which fixed the amount to be paid at the time of payment. In the instant case if the defendant did not obtain and turn over to the plaintiff a single customer's note, the defendant would still be bound absolutely to pay the plaintiff at the time of payment. If the parol part of the contract failed or was not carried out it still would not destroy the note (the written part). The written part of the contract showed that the contract was incomplete and the defendant should have been allowed to plead and show the collateral agreement referred to in the note which did not conflict with nor contradict what was contained in the writing, for irrespective of whether the defendant obtained and delivered the customer's notes to the plaintiff or not, he still acknowledged the unchanged validity of the contract as expressed in the written terms of the note, but dealt with a possible contingency in the future as to which a separate agreement was made. The court erred in striking the defendant's answer and in disallowing the amendment thereto, and the further proceedings in the case were nugatory. See *Pryor* v. *Ludden & Bates Southern Music House,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267).

Headnotes 2, 3, and 4 need no elaboration.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*