26222.   SMITH v. STANDARD OIL COMPANY.

UNDERCOFLER, Justice. The Standard Oil Company, a division of Chevron Oil Company, as transferee, filed a petition seeking specific performance of an option contract wherein the defendant had agreed to convey described real property upon payment of $15,000. A motion to dismiss for failure to state a claim was filed and overruled by the trial judge. This court affirmed such ruling on appeal. See *Smith v. Standard Oil Co.,*

226 Ga. 339 (175 SE2d 14). Thereafter the plaintiff moved for a summary judgment.

The defendant's affidavit filed in opposition to the motion for summary judgment stated that the option contract was delivered to the optionee subject to the condition that her husband approve it and his approval was not obtained. The plaintiff moved to strike this portion of the defendant's affidavit on the ground that the facts set out in the affidavit constitute parol contemporaneous evidence which contradicts or varies the terms of the written option set out in the complaint; and that parol contemporaneous evidence is inadmissible to contradict or vary the terms of this option. The trial court sustained the motion to strike, found that there was no material issue of fact, and granted the plaintiff a summary judgment. This appeal is from that judgment. *Held:*

1. The appellant contends that the option contract is unenforceable because the delivery thereof to the optionee was conditioned on the approval of her husband and that his approval was not obtained.

The evidence in this case shows that the appellant executed a written option agreeing to sell certain described property. The option agreement contains the following provisions: "That the seller, for and in consideration of the sum of one dollar, to her in hand paid at and before the sealing and delivery of these presents, the receipt and sufficiency whereof is hereby acknowledged, has granted, bargained, sold and delivered, and by these presents does grant, bargain, sell and deliver unto the said purchaser, his heirs and assigns, an option to purchase under terms and conditions hereinafter set out . . . This option shall be for a period beginning this date and ending at midnight at the end of the day on the 31st October, 1968 . . . Time is of the essence of this contract."

This case is controlled by the principle, known as the "parol evidence rule," that a valid written contract, which is complete, and the terms of which are not ambiguous, can not be contradicted, added to, altered, or varied by parol agreements. *Stonecypher v. Ga. Power Co.,* 183 Ga. 498, 501 (189 SE 13); *Code* §§ 38-501, 20-704.

The contention of the appellant that the option was delivered on condition that her husband approve it is inconsistent and at variance with the written option which clearly states that the instrument for a valid consideration had been delivered and that the option "shall be for a period beginning this date."

In the unanimous opinion of this court in *Bass Dry Goods Co. v. Granite City Manufacturing Co.*, 119 Ga. 124, 127 (45 SE 980) we said: "Whether the firm or Arnold was the principal was in dispute; but that being once settled, the terms of the sale were in writing, and parol evidence was inadmissible to vary the written instrument, and to convert what appeared to be an absolute sale into one conditioned upon Arnold's approval."

Although it was said in *Hansford v. Freeman*, 99 Ga. 376 (27 SE 706) that, "It is no contradiction of a written agreement, which does not of itself purport to have been delivered, to assert its non-delivery, and, therefore, parol evidence is admissible to disprove the fact of delivery," this rule has no application to the instant case where the written option recites the delivery. To the same effect is *Moore v. Farmers' Mutual Ins. Assn.*, 107 Ga. 199, 201 (33 SE 65), wherein it was also stated, "The evidence admitted did not in any way alter any stipulation in the paper claimed by the plaintiff to be a contract of insurance."

This court stated in *Lee v. Garland*, 208 Ga. 251 (1) (66 SE2d 223): "The whole tenor of the petition in the case at bar is to change by parol an absolute unconditional promissory note into a conditional obligation; and that can not be done in the absence of fraud, accident, or mistake, the allegation of which must always be full and explicit. *Lester v. Fowler*, 43 Ga. 190; *Haley v. Evans*, 60 Ga. 157; *Hirsch v. Oliver*, 91 Ga. 554 (18 SE 354); *Lunsford v. Malsby*, 101 Ga. 39 (28 SE 496); *Bullard v. Brewer*, 118 Ga. 918 (45 SE 711); *Johnson v. Nisbet*, 137 Ga. 150 (72 SE 915); *Probasco v. Shaw*, 144 Ga. 416 (87 SE 466). In other words, where parties have reduced to writing what appears to be a complete and certain agreement, it will in the absence of fraud, accident, or mistake be conclusively presumed that the writing contains the entire contract. *Bullard v. Brewer*, supra. 'It is in vain to have writings, if parties can be allowed deliberately to reduce a contract to writing and then set up by

parol a totally different contract.' *Haley v. Evans,* supra. It is true, of course, that the maker of a note, when sued, has the right to show by parol, if he can, a want or failure of consideration, but he will not be allowed to prove that his obligation to pay was dependent or conditional upon the promisee's compliance with a prior or contemporaneous agreement not expressed in the note, unless the execution of the note was induced by fraud, accident, or mistake. *Lester v. Fowler,* supra; *Howard v. Stephens,* 52 Ga. 448; *Goodman v. Fleming,* 57 Ga. 350; *Dixon v. Bond,* 18 Ga. App. 45 (88 SE 825). In the present case, it is not alleged that any prior or contemporaneous agreement making payment of the note contingent on the happening of some future event was omitted from the note either by fraud, accident, or mistake. As to that the petition is wholly silent, and in the absence of such an allegation we must and will presume conclusively that the note in question correctly speaks the contract."

It follows that the parol evidence is inadmissible in this case to change the terms of the written option.

2. The appellant contends that the validity of the transfer of the option to the appellee is a material issue of fact raised by her pleadings and therefore summary judgment should not have been granted. The appellee in its affidavits showed the transfer of the option to it. The appellant further contends that she was denied the right of cross examination of the affiants and that this created a material issue of fact barring a summary judgment.

"When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Ga. L. 1966, pp. 609, 661 (*Code Ann.* § 81A-156 (e)). The appellant did not respond by affidavit or otherwise setting forth specific facts showing that there was a genuine issue for trial.

"Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavits

facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Ga. L. 1966, pp. 609, 661 (*Code Ann.* § 81A-156 (f)). The appellant made no such showing.

There is no merit in these contentions of the appellant.

3. The appellant's contention that there is no proof of the corporate existence of the appellee is without merit. This was not made an issue in the trial as is required by Ga. L. 1966, pp. 609, 620 (*Code Ann.* § 81A-109 (a)), which provides: "When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

4. In her affidavit in opposition to the motion for summary judgment the appellant states that she was unable to read the option when it was presented to her for signature due to her faulty eyesight; that she did not have her magnifying glass with her at that time but signed it only on the representations and assurances given to her; that as soon as she arrived at her home, she obtained her magnifying glass, and with that aid was able to read the option; and that she found it did not contain the reservations and conditions she had been led by the optionee to believe were in it.

In *Morrison v. Roberts,* 195 Ga. 45 (23 SE2d 164), this court held: "Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, or have it canceled or reformed, on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual

fraud such as would reasonably prevent him from reading it. [Citations]." The fact that the appellant did not have her magnifying glass with her would not justify her failure to read the instrument since no emergency was shown making it necessary that she sign it without delay. *Lewis v. Foy,* 189 Ga. 596 (6 SE2d 788); *Thomas v. Eason,* 208 Ga. 822 (69 SE2d 729).

The grant of summary judgment in favor of the appellee was not error for any reason assigned.

*Judgment affirmed. All the Justices concur, except Grice, Felton, and Hawes, JJ., who dissent.*

ARGUED DECEMBER 15, 1970—DECIDED JANUARY 7, 1971—

REHEARING DENIED JANUARY 29 AND FEBRUARY 15, 1971.

*Robert H. Herndon,* for appellant.

*Dickens & Hall, G. L. Dickens, Jr.,* for appellee.

GRICE, Justice, dissenting. I feel strongly that the defendant should have been allowed to show that the option contract was delivered to the optionee subject to the condition that the defendant's husband approve it, and that his approval was not obtained.

Consideration of such evidence is authorized by *Code* § 20-901, which provides that, "Any fact going to show that the original contract was not obligatory, though executed, may be set up as a defense"; and by *Code* § 20-902, which in essential part declares that, "A condition, precedent or subsequent, not complied with . . . may be pleaded as a defense."

Therefore, I respectfully dissent from Division 1 of the opinion, and from the judgment.

In my view, there is nothing to sustain the position of the majority, which is based upon the parol evidence rule.

That rule, as enunciated in this State, provides that, "Parol contemporaneous evidence is inadmissible generally to contradict or vary the *terms* of a valid written instrument." *Code* § 38-501. (Emphasis supplied.)

At the outset, it should be pointed out that here the evidence relied upon did not vary any of the *terms* of the option contract.

It is significant that in the instant case the contract itself did not contain any term as to its approval by the husband.

It is also noteworthy that it did not contain any *term* whereby the parties agreed that delivery had been made or was then made. The majority opinion relies upon the language which, *in material part*, is as follows: The "seller, for and in consideration of the sum of one dollar, to her in hand paid at and before the sealing and delivery of these presents, the receipt and sufficiency whereof is hereby acknowledged, has granted, bargained, sold and delivered, and by these presents does grant, bargain, sell and deliver unto the said purchaser, his heirs and assigns, an option to purchase *under terms and conditions hereinafter set out . . .*" (Emphasis supplied.) This is not a *term* of the contract. It is only a recital, a formal portion, of the contract. Language such as this commonly appears in documents used in real estate and other commercial transactions. Such language in them, as in this, certainly does not preclude showing that these contracts were not in fact delivered. If this were so, it would be virtually impossible ever to show the nondelivery of any document.

It is well established that, "[T]he parol evidence rule applies, insofar as a contract is concerned, only to those elements or parts of the writing which are contractual between the parties and not to mere recitals of fact, and applies only to the essential and substantial, as distinguished from the merely formal, parts of a writing." 30 AmJur2d 168, Evidence, § 1032.

The further quoted language of the contract here, that "This option shall be for a period beginning this date and ending at midnight at the end of the day on the 31st October, 1968," and "Time is of the essence of this contract," likewise does not preclude a showing that the contract was never made and delivered.

Therefore, the evidence offered here did not *vary* the *terms* of the contract so as to violate the parol evidence rule.

The decisions of *Bass Dry Goods Co. v. Granite City Manufacturing Co.,* 119 Ga. 124 (45 SE 980) and *Lee v. Garland,* 208 Ga. 251 (66 SE2d 223), relied upon in the majority opinion, do not require a different conclusion. Both are distinguishable on their facts. Also, there this court recognized that attempts were made to vary the terms of the documents so as to make the obligations conditional. Here, instead, the evidence was offered to show that no contract had ever been agreed upon. Furthermore, if these

cases are not distinguishable, they are in conflict with *Hansford v. Freeman,* 99 Ga. 376 (27 SE 706) and *Moore v. Farmers' Mutual Insurance Assn.,* 107 Ga. 199 (33 SE 65), and they must yield to those earlier full bench, unreversed decisions which constitute binding precedents. These are dealt with later in this opinion.

What is involved here is the well established principle that parol evidence is admissible to show that no valid contract was ever entered into.

That what was sought to be shown here was not a violation of the parol evidence rule is manifest from a statement of the doctrine, which should control here, and cases which have applied it.

Well known treatises make this clear.

One recites that, "It is now the general rule that parol evidence is admissible to show conditions precedent which relate to the delivery or the taking effect of a written instrument. Such evidence does not constitute an oral contradiction or variation of the written instrument, but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed, at least not until the fulfillment of the condition." 30 AmJur2d 172, 173, Evidence, § 1038.

Similarly, another treatise declares: "Hence, parol evidence is admissible to show conditions precedent, which relate to the delivery or taking effect of the instrument, as that it shall become effective only on certain conditions or contingencies, for this is not an oral contradiction or violation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed." 32A CJS 320, Evidence, § 935.

The Restatement of the Law of Contracts asserts that, "Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewith." 1 Restatement of the Law of Contracts 340, § 241 (American Law Institute).

A leading authority concludes, "Accordingly, it has always been held that parol evidence is admissible to prove that the writing

was never delivered as a contractual obligation, or that it was conditionally delivered to take effect only upon the happening of a subsequent event which failed to happen." Quoting from one of the earliest cases involving a condition of consultation with a third party, the author observes that, "The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible." Simpson, Handbook of the Law of Contracts (2d Ed.) 198, § 99.

This principle is no stranger to Georgia, but is in full force and effect. Both of our reviewing courts have expressly recognized and applied it.

In *Moore v. Farmers' Mutual Ins. Assn.,* 107 Ga. 199 (1), supra, this court held that parol evidence was admissible to show that an insurance policy was signed and delivered to the insured on the condition that it was not to be operative until he canceled a policy with another company, the effect of this testimony "being simply to show that there was no contract between the parties," when the condition precedent was not complied with.

The opinion in the *Moore* case provides a full and accurate discussion of the principle involved here, citing leading cases from England, other American states and Georgia. We quote from pages 200-201. "Did this writing constitute a contract? Had each party assented to it? And had it become a complete and binding agreement between them? If it did constitute a contract between them, then it must be looked to to determine the terms and conditions of the contract, and parol evidence would not be admissible to vary any of the stipulations therein contained. The evidence admitted did not in any way alter any stipulation in the paper claimed by the plaintiff to be a contract of insurance; the effect of the testimony being simply to show that there was no contract between the parties. The paper had been delivered to the plaintiff, but the parties had agreed that it should not be a contract until the plaintiff had performed certain acts which were expressly made conditions precedent to the completion of a contract between them. It is true that a manual delivery of a paper purporting to contain a contract of insurance is prima facie evidence of a binding contract of that character. [Citation.] But the purpose of the

testimony admitted was to rebut the presumption arising from the possession by the plaintiff of the policy. It has been held by the English courts, as well as by the courts of many of the States of the Union, that evidence of the character admitted in the present case is admissible; and that the admission of the same does not infringe upon the well-settled rule which prohibits the introduction of oral testimony to vary the terms of a written contract. In the case of Pym v. Campbell, 6 El. & Bl. 370, Lord Chief Justice Campbell uses this language: 'No addition to or variation from the terms of a written contract can be made by parol; but in this case the defence was that there never was any agreement entered into. Evidence to that effect was admissible; and the evidence given in this case was overwhelming. It was proved in the most satisfactory manner that before the paper was signed it was explained to the plaintiff that the defendants did not intend the paper to be an agreement til Abernethie had been consulted, and found to approve of the invention; and that the paper was signed before he was seen only because it was not convenient to the defendants to remain. The plaintiff assented to this, and received the writing on those terms. That being proved, there was no agreement.'"

The court concluded this portion of the opinion by stating that this rule is not applicable to *deeds,* which stand upon a different footing; that a deed cannot be delivered to the grantee as an escrow; and that delivery to him at once vests the title to the property. Id. p. 207.

Another exemplary treatment of the principle involved here is found in *Heitmann v. Commercial Bank,* 6 Ga. App. 584 (65 SE 590).

The first sentence of Headnote 3 states: "A written document may, by parol or other extrinsic evidence, be shown not to be a contract at all, because of the non-performance of a condition precedent as to which the writing is silent."

In that case the issue turned upon the effect of a letter. The dissenting opinion did not differ from the majority as to the legal propositions, but differed only as to their application to the facts involved.

What the court said in the opinion as to the foregoing principle, and particularly as it relates to a condition requiring the approval

of a third party, as in the case at bar, is of significance here.

That court said this: "Ordinarily, however, there can be no doubt that parol or other extrinsic evidence is admissible to show that a writing bearing every earmark of a complete and perfect contract is not in fact a contract at all, because of the non-performance of a condition precedent as to which the contract is silent. This is not varying the terms of a written contract by extrinsic evidence; for the simple reason that it shows that there is no contract in existence, and that therefore there is nothing to which to apply the excluding rule. The so-called parol-evidence rule pre-supposes the existence of a valid contract; and on the question as to whether or not a valid contract is in existence or has been created, generally parol or other evidence dehors the writing is always competent and legal. Accordingly it may be shown by extrinsic evidence that the writing involved is not a valid or enforceable legal obligation, for the reason that it does not possess finality of utterance; that there never has been an agreement that the writing is a completed and finally-uttered embodiment of all the terms of a contract presently operative and binding. A few cases will illustrate and delimit this principle. In the great leading case of Pym v. Campbell, 6 E. & B. 370 (88 Eng. Com. L. 370), it was held that the defendant could show by extrinsic evidence that the writing sued on (on its face a complete and perfect contract . . .) was not binding, for the reason that it was signed on an express mutual understanding that it was not to become operative until A. was consulted and approved, and that A. did not approve. The writing did not in any way refer to the necessity for the performance of this condition precedent. In Ware v. Allen, 128 U. S. 590 (9 SC 174, 32 LE 563), a writing absolute on its face and signed by both parties was shown by parol evidence to have been signed on condition that it was not to become operative as a presently-binding contract until an attorney had been consulted and had approved." Id., pp. 590, 591.

Other cases are to the same effect. For example, see, *Hansford v. Freeman,* 99 Ga. 376, supra; *American Jobbing Assn. v. Register,* 5 Ga. App. 543 (63 SE 599); *Rogers v. Southern Fertilizer Sc. Co.,* 36 Ga. App. 229 (136 SE 106); *South Georgia Trust Co. v. Crandall,* 47 Ga. App. 328 (4) (170 SE 333); *Leverette v. Awnings,*

*Inc.,* 97 Ga. App. 811 (104 SE2d 686).

It is noteworthy that in all of these cases the document appeared on its face to be absolute and unconditional, as here. Also in each, as in the instant case, the defendant sought to show that actually no contract had ever been entered into, because of nonperformance of a condition, as to which the instrument was silent.

Furthermore, and of more consequence than anything else, in each of the decisions the party sought to be bound by the terms of the document was permitted to show to the trial court what he contended had actually happened for it to consider on that issue of fact. This position, I submit, is in keeping with the most important of all rules of evidence, that "The object of all legal investigations is the discovery of truth." *Code* § 38-101.

The instant case involves a well established substantive rule of evidence as it relates to the law of contracts. The recognition and application of this principle is of great importance in the trial of suits dealing with the vital issue of whether contracts were or were not entered into. For these reasons, it is hoped that upon further consideration the error here will be corrected at the first opportunity.

I am authorized to state that Justice Felton and Justice Hawes join me in this dissent.